UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br>Steven C. Fustolo<br>　　　Debtor | Chapter 7<br>No.  13-12692-JNF |
| 50 Thomas Patton Drive, LLC, The Patriot Group, LLC<br>　　　Plaintiffs<br>v.<br><br>Steven C. Fustolo<br>　　　Defendant | Adv. Pro.<br>14-1193 |

**ANSWER**

 As his first response Fustolo responds to each numbered allegation of the complaint

1.  The first sentence is admitted. The second sentence states a legal conclusion to which no answer is required.

2.  The first sentence is admitted. The second sentence states a legal conclusion for which no answer is required.

3.  Admitted.

4.  Admitted.

5.  Admitted. Further responding Fustolo avers that order is the subject of an appeal still pending before the United States District Court.

6.  Fustolo admits the allegations in Paragraph 6 to the extent that the order for granting the involuntary petition is not overturned.

7.  Admitted.

8.  Admitted.

9.  The first sentence is admitted. The second sentence is denied as stated. The third sentence is
denied as not being susceptible to one meaning.

10. Denied.

11. Paragraph 11 states a legal conclusion for which no answer is required.

12. Admitted.

13. Denied

14. Admitted.

15.  The first sentence of Paragraph 15 is denied. Further responding it is admitted that Fustolo
executed a guaranty of $13.6 million in indebtedness owed by Revere Beach Holdings, LLC
to Patriot. The second sentence is admitted. Further responding Fustolo avers that the
indebtedness was also secured by a pledge of Fustolo's membership interest in New Sheafe
Street Realty, LLC.

16. It is admitted that the obligor defaulted on the obligation owed to Patriot and that Fustolo did
not pay the entirety of the indebtedness. The balance of the allegations in Paragraph 16 are
denied.

17. It is admitted that Patriot filed suit against Fustolo.

18. Admitted.

19. Admitted.

20. Admitted

21. Fustolo admits that Patriot conducted a deposition of Steven Robinson on one or more
unknown dates.

22. Fustolo admits that Patriot conducted a deposition of Costanzo Fustolo on one or more

unknown dates.

23. Fustolo admits that Patriot conducted a deposition of Elisa Fustolo on one or more unknown

dates.

24. Denied

25. Admitted

26. Admitted

27. Admitted

28. Paragraph 28 is denied except to the extent that Martin Nahigian was the manager of Affinity

and that Fustolo was, through 32 Park Vale Avenue Trust, the beneficial owner of Affinity.

29. Denied. Further responding Fustolo avers that Patriot retained the $50,000 deposit and, upon

information and belief, sold the property to itself or an affiliated entity as it was the second

highest bidder at the auction.

30. Fustolo admits that Patriot filed suit against Affinity and denies the balance of the allegations

of Paragraph 30.

31. Admitted

32. Denied

33. Fustolo has insufficient information to admit or deny the allegations in Paragraph 33. Further

responding Fustolo avers that the factual allegations contained in Paragraphs 33-58 inclusive

(A) were litigated in the Suffolk Superior Court, (B) contained counts alleging fraud and

conversion against Fustolo, (C) all counts in the complaint other that breach of contract

counts, were either decided in Fustolo's favor or were dismissed, and (D) other than the

amount of the judgment, which is on appeal, the entry of the judgment is a final order of the

Middlesex Superior Court, subject to the doctrine of res judicata.

34. Fustolo admits that he granted a mortgage to Stoneham Bank at the closing. The balance of the allegations of Paragraph 34 are denied.

35. Denied

36. The first sentence of Paragraph 36 is denied. Fustolo has insufficient information to admit the allegations of the second sentence at this time. The third sentence is admitted.

37. Admitted

38. The first sentence of Paragraph 38 is admitted and the second sentence is denied.

39. Denied

40. Denied

41. Denied

42. As to the first sentence of Paragraph 42 Fustolo avers that the document speaks for itself, and no further answer is required. The second sentence of Paragraph 42 is denied and the third sentence is admitted.

43. Fustolo has insufficient information to answer the first sentence of Paragraph 43 and denies the second sentence.

44. The first sentence of Paragraph 44 is admitted. As to the second sentence the document speaks for itself, and no further answer is required.

45. Denied

46. Fustolo avers that the document speaks for itself, and no further answer is required.

47. Denied.

48. Fustolo avers that the document speaks for itself, and no further answer to the first sentence of Paragraph 48 is required. It is admitted that Revere Beach ultimately was not able to meet the conditions of the contract. The third sentence is denied.

49. Denied

50. Fustolo avers that the document speaks for itself, and no further answer is required.

51. Denied.

52. The first sentence of Paragraph 52 is admitted. The second sentence is denied as stated.

53. It is admitted that some of the loan proceeds were used to fund business activities other than those of Revere Beach.

54. It is admitted that the Debtor provided Alexander Trading funds in furtherance of obtaining financing. The last sentence of Paragraph 54 is denied.

55. The first sentence of Paragraph 55 is denied. Fustolo admits the transaction was never consummated and the funds were never returned.

56. Fustolo avers that the document speaks for itself, and no further answer to the first three sentences of Paragraph 56 is required. Fustolo currently has insufficient information to admit or deny the allegations in the fourth sentence. The fifth sentence is admitted.

57. The first sentence of Paragraph 57 is admitted. Fustolo admits he knew of the complaint from and after the date he was served with the Summons and Complaint.

58. Admitted. Further responding Fustolo avers that the amount of the judgment is on appeal and that Shorer has admitted that some $4.7 million of the judgment was based upon a non-existent guaranty.

59. Fustolo admits that he became aware of the judgment sometime within a few weeks after it was issued.

60. Denied as stated. It is admitted that Fustolo organized a number of different entities over the years, including specifically those listed on Schedule B of his Statement of Affairs.

61. The first sentence of Paragraph 61 is denied. The second sentence is also denied as not being

subject to one interpretation.

62. Admitted.

63. Admitted

64. The first sentence and second sentences of Paragraph 64 are denied as stated as Huntington Properties, Inc. was involuntarily dissolved by the Secretary of State in 2012. Fustolo admits that Huntington Properties, Inc. had bank accounts prior to the petition date but has insufficient information at this time to state when the account was closed.

65. The first sentence and second sentences of Paragraph 65 are denied as stated as CPE Meetings, Inc. was involuntarily dissolved by the Secretary of State in 2012. The second and third sentences of Paragraph 65 are admitted.

66. Admitted.

67. The first sentence of Paragraph 67 is denied as stated as Revere Beach Properties, Inc. was involuntarily dissolved by the Secretary of State in 2012. The second sentence of Paragraph 67 is admitted.

68. The first sentence and second sentences of Paragraph 68 are denied as stated as 5 High Street, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

69. The first sentence and second sentences of Paragraph 69 are denied as stated as 65 North Margin Street, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

70. The first sentence and second sentences of Paragraph 70 are denied as stated as 115 Salem Street Realty, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

71. The first sentence and second sentences of Paragraph 71 are denied as stated as 135-137 Salem Street, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

72. The first sentence and second sentences of Paragraph 72 are denied as stated as 162 Salem Street, LLC. was involuntarily dissolved by the Secretary of State in 2009. The third sentence is admitted.

73. The first sentence and second sentences of Paragraph 73 are denied as stated as Fustolo Development, LLC. was involuntarily dissolved by the Secretary of State in 2009. The third sentence is admitted.

74. The first sentence and second sentences of Paragraph 74 are denied as stated as Fustolo Properties, LLC. was involuntarily dissolved by the Secretary of State in 2009. Fustolo is unable at this time to admit or deny that Fustolo Properties, LLC. ever had bank accounts.

75. The first sentence and second sentences of Paragraph 75 are denied as stated as New Sheafe Street Realty, LLC. was involuntarily dissolved by the Secretary of State in 2013. The third sentence is admitted.

76. The first sentence and second sentences of Paragraph 76 are denied as stated as North Margin Street Development, LLC. was involuntarily dissolved by the Secretary of State in 2010. Fustolo admits that North Margin Street Development, LLC. had bank accounts prior to the petition date.

77. The first sentence and second sentences of Paragraph 77 are denied as stated as The Ocean Condominium, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

78. The first sentence and second sentences of Paragraph 78 are denied as stated as Ocean GP,

LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

79. The first sentence and second sentences of Paragraph 79 are denied as stated as Revere Beach Holdings, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

80. The allegations of Paragraph 80 are denied as stated as Affinity Investments, LLC. was involuntarily dissolved by the Secretary of State in 2013 according to the Secretary of State's website.

81. The first sentence and second sentences of Paragraph 81 are denied as stated as Huntington Properties Holding Company, LLC. was involuntarily dissolved by the Secretary of State in 2011. The third sentence is admitted.

82. Both sentences of Paragraph 82 are denied as stated.

83. The allegation of Paragraph 83 is admitted but only to the extent that the entity was not dissolved, after which it held no continuing relationship with Fustolo.

84. Denied.

85. Denied.

86. Denied

87. Denied

88. Denied

89. Denied.

90. Denied

91. Denied

92. Denied

93. Denied

94. Denied

95. Fustolo avers that the document speaks for itself, and no further answer is required.

96. Denied

97. Denied

98. Admitted

99. Fustolo has insufficient information to admit or deny the allegations of Paragraph 99. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

100.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 100. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

101.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 101. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

102.    Fustolo has insufficient information to admit or deny the allegations of Paragraph102. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

103.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 103.

Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

104.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 104. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

105.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 105. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

106.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 106. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

107.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 107. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

108.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 108. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

109.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 109. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

110.    Denied.

111.    Admitted.

112.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 112. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

113.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 113. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

114.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 114. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

115.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 115. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

116.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 116.

Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

117.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 117. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

118.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 118. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

119.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 119. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

120.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 120. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

121.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 121. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

122.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 122. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

123.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 123. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

124.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 124. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

125.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 125. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

126.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 126. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

127.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 127. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

128.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 128. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

129.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 129. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

130.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 130. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

131.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 131. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

132.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 132. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

133.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 133. Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

134.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 134. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

135.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 135. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

136.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 136. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

137.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 137. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

138.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 138. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

139.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 139.

Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

140.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 140. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

141.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 141. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

142.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 142. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

143.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 143. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

144.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 144. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

145.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 145. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

146.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 146. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

147.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 147. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

148.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 148. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

149.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 149. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

150.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 150. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

151.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 151.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

152.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 152.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

153.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 153.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

154.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 154.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

155.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 155.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for

payment of household expenses.

156.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 156.

Further responding Fustolo avers that at various times he historically deposited funds into his

wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

157.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 157. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

158.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 158. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

159.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 159. Further responding Fustolo avers that at various times he historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses.

160.     Denied

161.     Fustolo admits that he historically deposited funds into a checking account in his wife's name and avers that it was for use in payment of household expenses. Fustolo denies that they were transfers and admits that his wife is an insider as defined by Section 101 of the Bankruptcy Code.

162.     Denied as stated. Further responding Fustolo avers that the funds were used for household expenses and that he and his wife would at times discuss expenses that needed to be paid.

163.     Denied.

164.    Denied

165.    Denied

166.    Denied

167.    Fustolo admits that he became aware of the judgments obtained by The Patriot Group, LLC and Patton Drive, LLC after they entered. Further responding Fustolo avers that Patton Drive LLC has continually refused to foreclose on the real property that comprises the primary collateral securing the debt owed to it, which foreclosure, Fustolo believes, would result in payment in full of the debt owed to Patton Drive, LLC.

168.    Denied as stated. Further responding Fustolo avers that both he and his wife cooperated with extensive post-judgment discovery conducted by The Patriot Group, LLC. and that Patton Drive, LLC conducted no pre or post judgment investigation of his assets and liabilities.

169.    Denied

170.    Denied.

171.    Denied.

172.    Fustolo admits that some funds were provided to his wife for payment of household expenses prior to or after one of the plaintiffs obtained a judgment.

173.    Denied as stated.

174.    Denied

175.    Denied as stated. It is admitted that the funds provided to his wife were expected to be used for payment of household expenses and were used for such.

176.    Denied

177.    Denied

178.    Denied

179.    Denied

180.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 180. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

181.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 181. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

182.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 182. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

183.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 183. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

184.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 184. To

the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

185.      Fustolo has insufficient information to admit or deny the allegations in Paragraph 185. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

186.      Fustolo has insufficient information to admit or deny the allegations in Paragraph 186. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

187.      Fustolo has insufficient information to admit or deny the allegations in Paragraph 187. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

188.      Fustolo has insufficient information to admit or deny the allegations in Paragraph 188. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition

court orders.

189.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 189. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

190.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 190. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

191.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 191. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

192.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 192. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

193.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 193. To the extent that any funds were withdrawn as stated and not used for business obligations the

withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

194.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 194. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

195.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 195. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

196.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 196. To the extent that any funds were withdrawn as stated and not used for business obligations the withdrawal was a distribution of income or payment of fees made consistent with the historical operation of the business and believed to be within the parameters of pre-petition court orders.

197.     Denied

198.     Denied

199.     Fustolo has insufficient information to admit or deny the allegations in Paragraph 199. To the extent that any funds were withdrawn as stated the withdrawal was a distribution of income made consistent with the historical operation of the business and within the

parameters of pre-petition court orders.

200.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 200. To

the extent that any funds were withdrawn as stated the withdrawal was a distribution of

income made consistent with the historical operation of the business and within the

parameters of pre-petition court orders.

201.    Fustolo has insufficient information to admit or deny the allegations in Paragraph 201. To

the extent that any funds were withdrawn as stated the withdrawal was a distribution of

income made consistent with the historical operation of the business and within the

parameters of pre-petition court orders.

202.    Denied

203.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 203.

204.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 204

205.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 205

206.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 206

207.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 207

208.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 208

209.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 209

210.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 210

211.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 211

212.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 212

213.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 213

214.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 214

215.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 215

216.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 216

217.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 217

218.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 218

219.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 219

220.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 220

221.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 221

222.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 222

223.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 223

224.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 224

225.    Fustolo denies the first sentence of Paragraph 225 and admits the allegations of the second sentence.

226.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 226. Further responding and consistent with historical handling of seminar deposits, the funds were deposits and were used to pay the expenses of the seminars for which they were provided.

227.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 227. Further responding and consistent with historical handling of seminar deposits, the funds were deposits and were used to pay the expenses of the seminars for which they were provided.

228.    Fustolo has insufficient information at this time to admit or deny the allegations in Paragraph 228. Further responding and consistent with historical handling of seminar deposits, the funds were deposits and were used to pay the expenses of the seminars for which they were provided.

229.    Fustolo has insufficient information at this time to admit or deny the allegations in

Paragraph 229. Further responding and consistent with historical handling of seminar deposits, the funds were deposits and were used to pay the expenses of the seminars for which they were provided.

230.    Denied

231.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 231.

232.    Denied

233.    Denied

234.    Admitted

235.    Denied

236.    Denied

237.    Denied

238.    Fustolo is unable to respond to the allegations of Paragraph 238 as the dates for the entirety of what plaintiffs characterize as "Affiliates Transfers" is unspecified.

239.    Denied

240.    Denied

241.    Fustolo is unable to respond to the allegations of Paragraph 241 as the dates for the entirety of what plaintiffs characterize as "Affiliates Transfers" is unspecified.

242.    Fustolo is unable to respond to the allegations of Paragraph 242 as the dates for the entirety of what plaintiffs characterize as "Affiliates Transfers" is unspecified.

243.    Fustolo is unable to respond to the allegations of Paragraph 243 as the dates for the entirety of what plaintiffs characterize as "Affiliates Transfers" is unspecified.

244.    Fustolo is unable to respond to the allegations of Paragraph 244 as the dates for the entirety of what plaintiffs characterize as "Affiliates Transfers" is unspecified.

245.    Denied

246.    Debtor has insufficient information to admit or deny the allegations of Paragraph 246.

Further responding Fustolo avers that he stated on Schedule B, as amended, that he may have

fees in an unknown amount due on the petition date for writings supplied to publishers and

testified at his meeting of creditors that, to the extent that any fees were due, he thought the

amount to be less than $5,000.

247.    Denied

248.    Fustolo is unable to respond to Paragraph 248 as it is capable of multiple meanings.

Fustolo avers that, to the extent that any amount was or became due for material submitted to

any publisher prior to the Petition Date pursuant to a contract between him, individually, and

the publisher, that amount due would be property of the estate.

249.    Denied as stated. Further responding that a number of years prior to the petition date CPE

Solutions and National Tax Institute entered into an agreement for National Tax Institute to

provide written material.

250.    Denied as stated. Further responding Fustolo avers that any payment made by CPE

Meetings was made pursuant to a longstanding agreement for periodic services and not

pursuant to any new "direction" issued by Fustolo.

251.    Denied

252.    Denied

253.    Fustolo has insufficient information at this time to admit or deny the payment set forth in

Paragraph 253 and denies the reference to the payment being made in accordance with

instructions provided by him.

254.    Denied

255.    Admitted

256.    Denied

257.    Denied.

258.    Denied as stated. Further responding Fustolo avers that the payment was for post-petition services rendered or to be rendered.

259.    Denied

260.    Denied

261.    Denied.

262.    Denied as stated. Further responding Fustolo avers that the payment was for post-petition services rendered or to be rendered.

263.    Denied as stated. Further responding Fustolo avers that the payment was for post-petition services rendered or to be rendered.

264.    Denied as stated. Further responding Fustolo avers that the payment was for post-petition services rendered or to be rendered.

265.    Denied

266.    Denied

267.    Denied. Further responding Fustolo avers there are no "royalty transfers" in paragraphs 316-335.

268.    See response to the allegations of Paragraph 267. Further responding, to the extent that Fustolo or any affiliated entity received any "royalty payments" after the petition date, he believes they were for services rendered after the petition date.

269.    See response to the allegations of Paragraph 267. Further responding, to the extent that Fustolo or any affiliated entity received any "royalty payments" after the petition date, he

believes they were for services rendered after the petition date.

270.    Denied

271.    Denied

272.    See response to the allegations set forth in Paragraph 267.

273.    See response to the allegations set forth in Paragraph 267.

274.    See response to the allegations set forth in Paragraph 267.

275.    See response to the allegations set forth in Paragraph 267.

276.    See response to the allegations set forth in Paragraph 267.

277.    See response to the allegations set forth in Paragraph 267.

278.    See response to the allegations set forth in Paragraph 267.

279.    See response to the allegations set forth in Paragraph 267.

280.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 280.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

281.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 281.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

282.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 282.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

283.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 283.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

284.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 284. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

285.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 285. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

286.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 286. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

287.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 287. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expense.

288.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 288. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

289.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 289. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

290.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 290. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

291.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 291. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

292.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 292.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

293.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 293.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

294.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 294.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

295.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 295.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

296.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 296.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

297.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 297.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

298.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 298.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the

petition date were post petition earnings and were to be used for household expenses.

299.     Fustolo has insufficient information to admit or deny the allegations of Paragraph 299.

Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

300.    Fustolo has insufficient information to admit or deny the allegations of Paragraph 300. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

301.    Denied

302.    Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

303.    Denied as stated. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

304.    Admitted. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

305.    Admitted. Further responding Fustolo avers that any funds he did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses.

306.    Denied

307.    Denied

308.    Fustolo admits he was aware of the involuntary petition shortly after it was filed.

309.    Fustolo admits he was aware of the Order for Relief shortly after it was entered.

310.    Fustolo admits he has not produced any written agreement with CPE Solutions, LLC as any such agreement, to the extent it may exist, was executed a number of years prior to the

petition date.

311.    Denied

312.     Denied

313.    Denied. Further responding Fustolo has produced records evidencing the amount of payments made by CPE Solutions, LLC.

314.    Fustolo admits he has not produced any written agreement with Accounting Tools, LLC or any predecessor entity or division as any such agreement, to the extent it may exist, was executed a number of years prior to the petition date.

315.    Denied

316.    Denied.

317.    Denied. Further responding Fustolo has produced records evidencing the amount of payments made by Accounting Tools, LLC.

318.    Fustolo admits he has not produced any written agreement with Accounting Solutions, LLC as any such agreement, to the extent it may exist, was likely executed a number of years prior to the petition date.

319.    Admitted

320.    Denied

321.    Denied. Further responding Fustolo has produced records evidencing the amount of payments made by Accounting Solutions, LLC.

322.    Fustolo admits he has not produced any written agreement with Stuart Shough Seminars, LLC as any such agreement, to the extent it may exist, is believed to have been an informal e-mail or one-page document that Fustolo has been unable to locate.

323.    Denied

324.    Denied.

325.    Denied. Further responding Fustolo has produced records evidencing the amount of

payments made by Stuart Shough Seminars, LLC.

326.    Fustolo admits he has not produced any written agreement with WebCE, LLC as any

such agreement, to the extent it may exist, is believed to have been an informal e-mail or one-

page document that Fustolo has been unable to locate.

327.    Denied

328.    Denied

329.    Denied. Further responding Fustolo has produced records evidencing the amount of

payments made by WebCE, LLC.

330.    Denied

331.    Denied

332.    Admitted

333.    Admitted

334.    Denied

335.    Denied

336.    Denied.

337.    Denied

338.    Denied

339.    Denied

340.    Denied

341.    Denied

342.    Denied

343.    Denied

344.    Fustolo denies the allegations contained in the first sentence of Paragraph 344. Further

responding Fustolo avers that $35,000 was paid for a 35% interest in the stones and that he

listed the 35% interest as having an unknown value on the bankruptcy petition. The balance of

the allegations contained in Paragraph 344 are denied.

345.    Denied.

346.    No answer is required.

347.    Denied

348.    Denied

349.    Denied

350.    Denied

351.    Denied

352.    Denied

353.    Denied

354.    Denied

355.    Denied

356.    Denied

357.    The allegation in Paragraph 357 is not a factual allegation but is instead a legal

conclusion that requires no response.

358.    No answer is required

359.    Denied

360.    Denied

361.    Denied

362.   The allegation in Paragraph 362 is not a factual allegation but is instead a legal conclusion that requires no response.

363.   No answer is required.

364.   Denied

365.   Denied

366.   Denied

367.   Denied

368.   Denied

369.   Denied

370.   Denied

371.   Denied

372.   Denied

373.   The allegation in Paragraph 373 is not a factual allegation but is instead a legal conclusion that requires no response.

374.   No answer is required

375.   Denied

376.   Denied

377.   Denied

378.   Denied

379.   Denied

380.   Denied

381.   Denied

382.   Denied

383.    The allegation in Paragraph 383 is not a factual allegation but is instead a legal conclusion that requires no response.

384.    No answer is required.

385.    Denied

386.    Denied

387.    Denied

388.    Denied

389.    Denied

390.    Denied

391.    The allegation in Paragraph 391 is not a factual allegation but is instead a legal conclusion that requires no response.

392.    No answer is required.

393.    Denied

394.    Denied

395.    Denied

396.    Denied

397.    Denied

398.    Denied

399.    Denied

400.    Denied

401.    No answer is required

402.    Denied

403.    Denied

404.    Denied

405.    Denied

406.    Denied

407.    Denied

408.    Denied

409.    Denied

410.    Denied

411.    Denied

412.    Denied

413.    Denied

414.    No answer is required.

415.    Denied

416.    Denied

417.    Denied

418.    Denied

419.    Denied.

420.    Denied

421.    Denied

422.    Denied

423.    Denied

424.    Denied

425.    Denied

426.    Denied

427.    Denied

428.    Denied

429.    Denied

430.    Denied

431.    Denied

SECOND DEFENSE
ISSUE PRECLUSION

Some or all of the counts are barred by the doctrine of res judicata, collateral estoppel, and/or

issue preclusion.

THIRD DEFENSE
CLAIM SPLITTING

Some or all of the counts are barred by the doctrine of claim splitting and Rule 12(b)(9) of the

Massachusetts Rules of Civil Procedure.

FOURTH DEFENSE
JUDICIAL ESTOPPEL

Some or all of the counts are barred by the doctrine of judicial estoppel

FIFTH DEFENSE
UNCLEAN HANDS

Patton Drive appears before this court with unclean hands as it has refused to foreclose upon the

primary collateral securing the debt owed to it, which collateral is, upon information and belief,

worth substantially more than the amount of the obligation owed to it on the petition date and

would therefore satisfy in full the claim of Patton Drive if foreclosure took place.

Steven Fustolo
By his attorney


 /S/   David M. Nickless
David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, MA  01420
(978) 342-4590
BBO No. 371920
dnickless.nandp@verizon.net

CERTIFICATE OF SERVICE

I, David M. Nickless, Esq. do hereby certify that I will serve a copy of the within pleading by mailing same to any of the parties listed below not noted as having received electronic service.

| | |
|---|---|
| United States Trustee | Michael Fencer, Esq. |
| 446 Main Street | Jager, Smith, PC |
| Worcester, MA 01608 | One Financial Center, 4th Fl |
| *VIA ECF* | Boston, MA  02111 |
| | (617) 951-0500 |
| | *VIA ECF* |

Dated:  November 12, 2014              /S/    David M. Nickless
                                       David M. Nickless