UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. FUSTOLO, <br><br> Debtor. | Chapter 7 <br> Case No. 13-12692-JNF |
| 50 THOMAS PATTON DRIVE, LLC, and THE PATRIOT GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN C. FUSTOLO, <br><br> Defendant. | Adversary Proceeding <br> No. 14-1193-JNF |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS BY DEBTOR**

Plaintiffs 50 Thomas Patton Drive, LLC and The Patriot Group, LLC hereby request pursuant to Fed. R. Bankr. P. 7034 and Fed. R. Civ. P. 34 that defendant and debtor Steven C. Fustolo produce for inspection and copying the documents, electronically stored information, and tangible things described herein at the offices of Jager Smith P.C., One Financial Center, Boston, Massachusetts 02111 within seven (7) days after the date on which responses to these requests are required to be served.

All electronically stored information shall be produced in its native form on portable electronic media, or otherwise in accordance with an agreement by the parties.

JS#504670v1

## DEFINITIONS

1. By operation of Rule 9029-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, the uniform definitions for discovery requests set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2. The term the "Debtor" means Steven C. Fustolo and his past or present affiliates, employees, agents, servants, representatives, and attorneys.

3. The term "Nahigian" means Martin Nahigian, the person referred to in Paragraph 28 of the *Answer* filed by the Debtor in this adversary proceeding on November 13, 2014, and Martin Nahigian's past or present affiliates, employees, agents, servants, representatives, and attorneys.

4. The term "Patton Drive" means 50 Thomas Patton Drive, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

5. The term "Patriot" means The Patriot Group, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

6. The term "Affinity" means Affinity Investments, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

7. The term "CPE Meetings" means CPE Meetings, Inc., and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

8. The term "Big Vision" means Big Vision Consulting Group, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

9. The term "Woodland" means Woodland Golf Club, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

10. The term the "Yacht Club" means Hyannis Yacht Club, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

11. The term the "Complaint" means the *Complaint* filed by Patton Drive and Patriot in this adversary proceeding on September 30, 2014, together with any exhibits and addendum thereto.

12. The term the "Answer" means the *Answer* filed by the Debtor in this adversary proceeding on November 13, 2014, together with any exhibits and addendum thereto.

13. The term the "Request Period" shall mean the inclusive period beginning on and including January 1, 2008, and ending on and including December 31, 2014.

## REQUESTS

1. All documents concerning communications by, between, or including the Debtor and any person concerning the transactions described and alleged in Paragraph 15 of the Complaint.

2. All documents concerning communications by, between, or including the Debtor and Patton Drive during the Request Period.

3. All documents concerning communications by, between, or including the Debtor and any person concerning Patton Drive.

4. All documents concerning communications by, between, or including the Debtor and Patriot during the Request Period.

5. All documents concerning communications by, between, or including the Debtor and any person concerning Patriot.

6. All documents concerning communications by, between, or including the Debtor and Nahigian during the Request Period.

7. All documents concerning communications by, between, or including the Debtor and Affinity during the Request Period.

8. All documents concerning communications by, between, or including the Debtor and Big Vision during the Request Period.

9. All documents concerning communications by, between, or including the Debtor and any person concerning the subject matter of, or the transactions or agreements alleged in this adversary proceeding.

10. All documents concerning Affinity.

11. All documents concerning Big Vision.

12. All documents concerning communications by, between, or including the Debtor and Woodland during the Request Period.

13. All documents concerning contracts or agreements by, between, or including the Debtor and Woodland.

14. All documents concerning any invoices or statements issued to the Debtor by Woodland during the Request Period.

15. All documents concerning any payment computations issued to the Debtor by Woodland during the Request Period.

16. All documents concerning any payments issued by the Debtor to Woodland during the Request Period.

17. All documents concerning communications by, between, or including the Debtor and th Yacht Club during the Request Period.

18. All documents concerning contracts or agreements by, between, or including the Debtor and the Yacht Club.

19. All documents concerning any invoices or statements issued to the Debtor by the Yacht Club during the Request Period.

20. All documents concerning any payment computations issued to the Debtor by the Yacht Club during the Request Period.

21. All documents concerning any payments issued by the Debtor to the Yacht Club during the Request Period.

22. All documents concerning any employee payrolls of CPE Meetings during the Request Period.

23. All documents concerning any state or federal employee payroll reporting made by, or otherwise required of CPE Meetings during the Request Period.

24. All documents concerning communications during the Request Period by, between, or including the Debtor and any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

25. All documents concerning contracts or agreements by, between, or including the Debtor and any publishers of any educational, or continuing educational

materials or works, whether published in written form, or in audio or video recorded form.

26. All documents concerning any invoices or statements issued by the Debtor during the Request Period to any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

27. All documents concerning any invoices or statements issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

28. All documents concerning any payment computations issued by the Debtor during the Request Period to any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

29. All documents concerning any payment computations issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

30. All documents concerning any payments issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

31. All documents concerning all household bills received by the Debtor and/or his spouse during the Request Period.

32. All documents concerning the payment during the Request Period of any household bills received by the Debtor and/or his spouse.

33. All documents the Debtor contends support the denials set forth in Paragraph 10 of the Answer.

34. All documents the Debtor contends support the denials set forth in Paragraph 15 of the Answer.

35. All documents the Debtor contends support the denials set forth in Paragraph 16 of the Answer.

36. All documents the Debtor contends support the denials set forth in Paragraph 84 of the Answer.

37. All documents the Debtor contends support the denials set forth in Paragraph 87 of the Answer.

38. All documents the Debtor contends support the denials set forth in Paragraph 88 of the Answer.

39. All documents the Debtor contends support the denials set forth in Paragraph 94 of the Answer.

40. All documents the Debtor contends support the denials set forth in Paragraph 164 of the Answer.

41. All documents the Debtor contends support the denials set forth in Paragraph 202 of the Answer.

42. All documents the Debtor contends support the denials set forth in Paragraph 235 of the Answer.

43. All documents the Debtor contends support the responsive statements set forth in Paragraph 246 of the Answer.

44. All documents the Debtor contends support the denials set forth in Paragraph 247 of the Answer.

45. All documents the Debtor contends support the denials and the responsive statements set forth in Paragraph 269 of the Answer.

46. All documents the Debtor contends support the responsive statements set forth in Paragraph 305 of the Answer.

47. All documents the Debtor contends support the denials set forth in Paragraph 312 of the Answer.

48. All documents the Debtor contends support the denials set forth in Paragraph 316 of the Answer.

49. All documents the Debtor contends support the denials set forth in Paragraph 320 of the Answer.

50. All documents the Debtor contends support the denials set forth in Paragraph 324 of the Answer.

51. All documents the Debtor contends support the denials set forth in Paragraph 328 of the Answer.

52. All documents the Debtor contends support the denials set forth in Paragraph 334 of the Answer.

53. All documents the Debtor contends support the denials set forth in Paragraph 335 of the Answer.

54. All documents the Debtor contends support the denials set forth in Paragraph 336 of the Answer.

55. All documents the Debtor contends support the denials set forth in Paragraph 337 of the Answer.

56. All documents the Debtor contends support the denials set forth in Paragraph 338 of the Answer.

57. All documents the Debtor contends support the denials set forth in Paragraph 339 of the Answer.

58. All documents the Debtor contends support the denials set forth in Paragraph 415 of the Answer.

59. All documents the Debtor contends support the denials set forth in Paragraph 416 of the Answer.

60. All documents the Debtor contends support the denials set forth in Paragraph 419 of the Answer.

61. All documents the Debtor contends support the denials set forth in Paragraph 420 of the Answer.

62. All documents the Debtor contends support the denials set forth in Paragraph 421 of the Answer.

63. All documents the Debtor contends support the denials set forth in Paragraph 424 of the Answer.

64. All documents the Debtor contends support the denials set forth in Paragraph 425 of the Answer.

65. All documents the Debtor contends support the denials set forth in Paragraph 426 of the Answer.

66. All documents the Debtor contends support the denials set forth in Paragraph 429 of the Answer.

50 THOMAS PATTON DRIVE, LLC and
THE PATRIOT GROUP, LLC,

By their attorneys,

/s/ Michael J. Fencer

---

Michael J. Fencer (BBO No. 648288)
Jonathan M. Horne (BBO No. 673098)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
T: 617-951-0500
F: 617-951-2414
E: mfencer@jagersmith.com

Dated: December 5, 2014

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on the 5th day of December 2014 I caused a true and accurate copy of the foregoing document to be served upon the persons below via first class mail, postage prepaid, and by electronic mail.

/s/ Michael J. Fencer

---

Michael J. Fencer

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, Massachusetts 01420
dnickless.nandp@verizon.net
*(counsel to the Debtor)*

JS#504670v1                    10