UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. FUSTOLO,<br><br>　　Debtor. | Chapter 7<br>Case No. 13-12692-JNF |
| 50 THOMAS PATTON DRIVE, LLC, and<br>THE PATRIOT GROUP, LLC,<br><br>　　Plaintiffs,<br><br>v.<br><br>STEVEN C. FUSTOLO,<br><br>　　Defendant. | Adversary Proceeding<br>No. 14-1193-JNF |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEBTOR

Plaintiffs 50 Thomas Patton Drive, LLC and The Patriot Group, LLC hereby propound the following interrogatories pursuant to Fed. R. Bankr. P. 7033 and Fed. R. Civ. P. 33 upon debtor Steven C. Fustolo.

### DEFINITIONS

1.　By operation of Rule 9029-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, the uniform definitions for discovery requests set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2.　The term the "Debtor" means Steven C. Fustolo and his past or present affiliates, employees, agents, servants, representatives, and attorneys.

JS#504723v1

3. The term "Patton Drive" means 50 Thomas Patton Drive, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

4. The term "Patriot" means The Patriot Group, LLC, and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

5. The term "CPE Meetings" means CPE Meetings, Inc., and its past or present officers, directors, members, managers, shareholders, partners, joint venturers, employees, agents, servants, representatives, sureties, attorneys, and affiliates.

6. The term the "Answer" means the *Answer* filed by the Debtor in this adversary proceeding on November 13, 2014, together with any exhibits and addendum thereto.

7. The term the "Request Period" shall mean the inclusive period beginning on and including January 1, 2008, and ending on and including December 31, 2014.

## REQUESTS

1. State the basis for the responsive statement made in one or more paragraphs of the Answer "that at various times [the Debtor] historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses."

2. Identify all "household bills" and all "household expenses" for which the Debtor and his wife were obligated to pay during the Request Period.

3. Identify all publishers of educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form, to who

or which the Debtor submitted, sold, or licensed any materials of any kind during the Request Period.

4. For each publisher identified in the immediately preceding request, state the terms of payment or compensation the Debtor did or was to receive, including, without limitation, the method by which such payment or compensation was to be computed, the intervals and dates that the Debtor was to receive such payments or compensation, and identify all such payments or compensation the Debtor received during the Request Period.

5. State the basis for the responsive statement made in one or more paragraphs of the Answer "that any funds [the Debtor] did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses."

6. Identify all persons employed by, or associated or affiliated with Patton Drive with who the Debtor alleges he has ever communicated, whether orally or in writing.

7. Identify all persons employed by, or associated or affiliated with Patriot with who the Debtor alleges he has ever communicated, whether orally or in writing.

8. Identify all documents concerning communications by, between, or including the Debtor and Patton Drive.

9. Identify all documents concerning communications by, between, or including the Debtor and Patriot.

10. State the last date on which CPE Meetings employed any person as an employee.

11. State the basis for the denials set forth in Paragraph 16 of the Answer.

JS#504723v1                                   3

12. State the basis for the denials set forth in Paragraph 87 of the Answer.

13. State the basis for the denials set forth in Paragraph 88 of the Answer.

14. State the basis for the denials set forth in Paragraph 164 of the Answer.

15. State the basis for the denials set forth in Paragraph 202 of the Answer.

16. State the basis for the denials set forth in Paragraph 235 of the Answer.

17. State the basis for the denials set forth in Paragraph 247 of the Answer.

18. State the basis for the denials set forth in Paragraph 269 of the Answer.

19. State the basis for the denials set forth in Paragraph 305 of the Answer.

20. State the basis for the denials set forth in Paragraph 335 of the Answer.

21. State the basis for the denials set forth in Paragraph 336 of the Answer.

22. State the basis for the denials set forth in Paragraph 338 of the Answer.

23. State the basis for the denials set forth in Paragraph 425 of the Answer.

24. State the basis for the denials set forth in Paragraph 426 of the Answer.

50 THOMAS PATTON DRIVE, LLC and
THE PATRIOT GROUP, LLC,

By their attorneys,

/s/ Michael J. Fencer

Michael J. Fencer (BBO No. 648288)
Jonathan M. Horne (BBO No. 673098)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
T: 617-951-0500
F: 617-951-2414
E: mfencer@jagersmith.com

Dated: December 5, 2014

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on the 5th day of December 2014 I caused a true and accurate copy of the foregoing document to be served upon the persons below via first class mail, postage prepaid, and by electronic mail.

/s/ Michael J. Fencer
_____
Michael J. Fencer

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, Massachusetts  01420
dnickless.nandp@verizon.net
*(counsel to the Debtor)*