UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. FUSTOLO,<br><br>Debtor. | Chapter 7<br>Case No. 13-12692-JNF |
| 50 THOMAS PATTON DRIVE, LLC, and<br>THE PATRIOT GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN C. FUSTOLO,<br><br>Defendant. | Adversary Proceeding<br>No. 14-1193-JNF |

## REPLY IN SUPPORT OF MOTION TO COMPEL

The Patriot Group, LLC & 50 Thomas Patton Drive, LLC (together, the "Plaintiffs") respectfully submit this reply in response to the objection (the "Opposition") of Steven Fustolo (the "Debtor") to the Petitioning Creditors' *Motion to Compel* (the "Motion"). In response, the Plaintiffs respectfully state as follows:

1. While the Debtor has nominally responded to the Plaintiffs' Document Requests and Interrogatories only after the Plaintiffs filed their Motion, as discussed herein, the Debtor's responses are inadequate and the Debtor should be ordered to update his responses forthwith.

## The Documents Responses

2. As an initial matter, the Debtor's responses to the Document Requests do not comply with Rule 34 because he claims to have previously provided documents to certain parties but fails to identify what documents he has provided to whom and when. A copy of the Debtor's Document Responses are annexed hereto as <u>Exhibit A</u>. Indeed, it appears that the Debtor's

responses are written to be as vague as possible in responding to the Document Requests. In one

such response the Debtor claims that: "All documents have already been supplied as part of

current and previous litigation." *See* Response Nos. 1. Other responses state that "All documents

were previously delivered to Todd & Weld, Jager Smith or the bankruptcy trustee" (*see e.g.,*

Response Nos. 2-5, 9-11) with no information indicating what documents were produced to what

parties and when.

      3. In addition, it appears the Debtor has in some instances unilaterally relieved

himself of the obligation to produce responsive documents based on his perception of what

documents the Plaintiffs may have obtained through third party discovery. *See e.g.*, Response

No. 12 ("Defendant has none other than checks which Jager Smith has obtained from banks.");

Response No. 21 ("All documents within the Defendant's possession, custody, or control have

been supplied and/or have been obtained from the depository institutions by the Plaintiffs");

Response No. 32 ("Checks issued by the Defendant's wife for household expenses have already

been supplied to or obtained by the Plaintiff from third parties."). The Debtor's speculation

regarding documents obtained from third parties does not absolve him from producing

responsive documents in his own possession.

      4. Finally, the Debtor's responses to the Document Requests claim that he did not

retain entire categories of documents, including documents relating to substantial royalties he has

received both pre- and post-petition (*see* Response Nos. 24-30) and documents relating to

household bills (*see* Response No. 31). The Debtor has also failed to provide any documents

either in response to the Document Requests or prior, relating to the substantial cash deposits and

transactions identified in the Plaintiffs' Complaint. The Debtor's outright failure to produce these

items, and/or his claims that he has not kept any such records, are suspect at best, and the Debtor

should be ordered to update his production to include these categories of documents immediately.

### <u>The Interrogatory Responses</u>

5.   The Debtor's responses to the Plaintiffs' Interrogatories are similarly deficient in several respects.  A copy of the Debtor's responses to the Interrogatories are attached hereto as <u>Exhibit B</u>.  For instance, the Debtor has failed to properly respond to Interrogatory No. 1 which asks the Debtor to "state the basis" for his claim that he "historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses."  Such an interrogatory requires the Debtor to "identify each and every document . . . which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;" and to "(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory." *See* Mass. Local Rule 26.5; Mass. Bankr. Local Rule 9029-3.  The Debtor's response contains no such information.

6.   The Debtor has similarly failed to "state the basis" for his contention that funds "provided to his wife subsequent to the petition date were post-petition earnings and were used for household expenses" (*see* Response No. 5) and has failed to "identify" all household bills and household expenses for which the Debtor and his wife were obligated to pay during the Request Period (*see* Response No. 2).

7.   Furthermore, the Debtor provided only a vague general response when asked to state the terms of payment or compensation he has with *each* publisher identified by the Debtor for which the Debtor wrote or submitted continuing educational materials, despite the fact that Debtor continues to be paid royalties from such entities to this day.  *See* Response No. 4.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter an order (i) granting the Motion in its entirety; (ii) ordering the Debtor to serve revised and updated responses to the Document Request and Interrogatories within seven (7) days; and (iii) granting to the Petitioning Creditors such other and further relief as the Court deems proper and just.

Respectfully submitted,

THE PATRIOT GROUP, LLC, & 50 THOMAS PATTON DRIVE, LLC

By their attorneys,

/s/ Jonathan M. Horne
Michael J. Fencer (BBO No. 648288)
Jonathan M. Horne (BBO No. 673098)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
telephone: (617) 951-0500
facsimile: (617) 951-2414
email: mfencer@jagersmith.com
          jhorne@jagersmith.com

Dated: February 18, 2015

## CERTIFICATE OF SERVICE

I, Jonathan M. Horne, hereby certify that on the 18th day of February 2015 I caused a

true and accurate copy of the forgoing docket to be served via ECF upon all parties who are

registered to receive electronic notice of filing in this proceeding, and upon the following

individuals via electronic mail and first class mail, postage prepaid:

David Nickless, Esq.
Nickless, Phillips & O'Conner
625 Main Street
Fitchburg, MA 01420
dnickless.nandp@verizon.net
*Counsel to the Debtor*

/s/ Jonathan M. Horne
_____
Jonathan M. Horne

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re
Steve C. Fustolo
    Debtor

Chapter 7
No. 13-12692-JNF

50 Thomas Patton Drive, LLC, The Patriot
Group, LLC
    Plaintiffs

v.

Steven C. Fustolo
    Defendant

Adv. Pro.:
14-1193

## RESPONSE OF STEVEN C. FUSTOLO TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND THINGS

### RESPONSES

1.    All documents concerning communications by, between, or including the Debtor and any person concerning the transactions described and alleged in Paragraph 15 of the Complaint.

**Response**

All documents have already been supplied as part of current and previous litigation.

2.    All documents concerning communications by, between, or including the Debtor and Patton Drive during the Request Period.

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy trustee.

3.    All documents concerning communications by, between, or including the

Debtor and any person concerning Patton Drive.

**Response**

All documents were previously previously delivered to Todd & Weld, Jager Smith or the

bankruptcy trustee.

      4.     All documents concerning communications by, between, or including the

Debtor and Patriot during the Request Period.

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy

trustee.

      5.     All documents concerning communications by, between, or including the

Debtor and any person concerning Patriot.

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy

trustee.

      6.     All documents concerning communications by, between, or including the

Debtor and Nahigian during the Request Period.

**Response**

All documents were previously given to Trustee.

      7.     All documents concerning communications by, between, or including the

Debtor and Affinity during the Request Period.

**Response**

All documents were previously given to Todd & Weld.

      8.     All documents concerning communications by, between, or including the

Debtor and Big Vision during the Request Period.

**Response**

All documents were previously given to Todd & Weld as part of Patton Drive litigation.

9.    All documents concerning communications by, between, or including the Debtor and any person concerning the subject matter of, or the transactions or agreements alleged in this adversary proceeding.

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy trustee

10.    All documents concerning Affinity

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy trustee

11.    All documents concerning Big Vision.

**Response**

All documents were previously delivered to Todd & Weld, Jager Smith or the bankruptcy trustee

12.    All documents concerning communications by, between, or including the Debtor and Woodland during the Request Period.

**Response**

Defendant has none other than checks which Jager Smith has obtained from banks.

13.    All documents concerning contracts or agreements by, between, or including the Debtor and Woodland.

**Response**

The Defendant is aware of no documents responsive to the request

14.    All documents concerning any invoices or statements issued to the Debtor by Woodland during the Request Period.

**Response**

To the extent that computations are on any documents within the Defendant's possession, custody, or control, they will be supplied

15.    All documents concerning any payment computations issued to the Debtor by Woodland during the Request Period.

**Response**

To the extent that computations are on any documents within the Defendant's possession, custody, or control, they will be supplied.

16.    All documents concerning any payments issued by the Debtor to Woodland during the Request Period.

**Response**

The Defendant has no documents within his possession, custody, or control

17.    All documents concerning communications by, between, or including the Debtor and the Yacht Club during the Request Period.

**Response**

The Defendant has no documents within his possession, custody, or control

18.    All documents concerning contracts or agreements by, between, or including the Debtor and the Yacht Club.

**Response**

The Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

19.    All documents concerning any invoices or statements issued to the Debtor

by the Yacht Club during the Request Period.

**Response**

All documents, if any, within the Defendant's possession, custody, or control will be supplied.

     20.    All documents concerning any payment computations issued to the Debtor by the Yacht Club during the Request Period.

**Response**

All documents, if any, within the Defendant's possession, custody, or control will be supplied

     21.    All documents concerning any payments issued by the Debtor to the Yacht Club during the Request Period.

**Response**

All documents within the Defendant's possession, custody, or control have been supplied and/or have been obtained from the depository institutions by the Plaintiffs.

     22.    All documents concerning any employee payrolls of CPE Meetings during the Request Period.

**Response**

All documents within the Defendant's possession, custody, or control were provided to Reimer & Braunstein as counsel to Patriot.

     23.    All documents concerning any state or federal employee payroll reporting made by, or otherwise required of CPE Meetings during the Request Period.

**Response**

All documents within the Defendant's possession, custody, or control were provided to Reimer & Braunstein as counsel to Patriot.

24.    All documents concerning communications during the Request Period by, between, or including the Debtor and any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

Response

Defendant has not retained communications and believes that all documents that may have existed have been obtained from the individual publishers.

25.    All documents concerning contracts or agreements by, between, or including the Debtor and any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

Response

Defendant has generally not retained contracts with publishers and believes that all documents that may have existed have been obtained from the individual publishers.

26.    All documents concerning any invoices or statements issued by the Debtor during the Request Period to any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

Response

Defendant has not retained communications and believes that Plaintiffs have obtained all documents that may have existed from the individual publishers.

27.    All documents concerning any invoices or statements issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded

form.

**Response**

Defendant has not retained statements issued to him and believes that Plaintiffs have obtained all statements that may have existed from the individual publishers.

28.     All documents concerning any payment computations issued by the Debtor during the Request Period to any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

**Response**

Defendant is unaware of the existence of any documents responsive to the request.

29.     All documents concerning any payment computations issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

**Response**

Defendant has not retained any payment computations issued to him and believes that Plaintiffs have obtained all computations that may have existed from the individual publishers.

30.     All documents concerning any payments issued to the Debtor during the Request Period by any publishers of any educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form.

**Response**

Defendant has not retained any copies of checks or other documents concerning payments from the individual publishers other than Forms 1099s which have already been supplied.

Further, Defendant believes that any other documents that concern the payments issued to him have been obtained by the Plaintiffs from the individual publishers.

31.   All documents concerning all household bills received by the Debtor and/or his spouse during the Request Period.

**Response**

Defendnat and his wife do not retain copies of household bills. Checks issued by the Defendant's wife for household expenses have already been supplied to or obtained by the Plaintiffs from third parties.

32.   All documents concerning the payment during the Request Period of any household bills received by the Debtor and/or his spouse.

**Response**

Checks issued by the Defendant's wife for household expenses have already been supplied to or obtained by the Plaintiffs from third parties.

33.   All documents the Debtor contends support the denials set forth in Paragraph 10 of the Answer.

**Response**

The Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

34.   All documents the Debtor contends support the denials set forth in Paragraph 15 of the Answer.

**Response**

Defendant objects to the extent that it requires him to reach a legal conclusion. Further responding, Defendant responds that all documents evidencing and concerning the Defendant's guaranty are within the possession and control of Patriot Group.

35.   All documents the Debtor contends support the denials set forth in Paragraph 16 of the Answer.

**Response**

The Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

36.   All documents the Debtor contends support the denials set forth in Paragraph 84 of the Answer.

**Response**

The Defendant has no documents within his possession, custody, or control other than the documents already on the possession of Patton Drive.

37.   All documents the Debtor contends support the denials set forth in Paragraph 87 of the Answer.

**Response**

Defendant refers first to the public records at the Secretary of State's website. Further responding, to the extent that the Defendant is in the possession, custody, or control of any other documents he will supply them.

38.   All documents the Debtor contends support the denials set forth in Paragraph 88 of the Answer.

**Response**

Defendant refers first to the public records at the Secretary of State's website. Further responding, to the extent that the Defendant is in the possession, custody, or control of any other documents he will supply them.

39.   All documents the Debtor contends support the denials set forth in Paragraph 94 of the Answer.

**Response**

The Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

40.    All documents the Debtor contends support the denials set forth in Paragraph 164 of the Answer.

**Response**

The Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

41.    All documents the Debtor contends support the denials set forth in Paragraph 202 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request other than the bankruptcy petition which is a part of the record in this case.

42.    All documents the Debtor contends support the denials set forth in Paragraph 235 of the Answer.

**Response**

Defendant refers to the transcripts of the Section 341 meeting, which transcripts are believed to be already in the possession of the Plaintiffs.

43.    All documents the Debtor contends support the responsive statements set forth in Paragraph 246 of the Answer.

**Response**

To the extent that the Defendant is in the possession, custody, or control of any other documents he will supply them

44.    All documents the Debtor contends support the denials set forth in Paragraph 247 of the Answer.

**Response**

Defendant has generally not retained contracts with publishers and believes that all documents that may have existed have been obtained from the individual publishers.

45.    All documents the Debtor contends support the denials and the responsive statements set forth in Paragraph 269 of the Answer.

**Response**

All documents are already within the possession of the Plaintiffs and the Trustee.

46.    All documents the Debtor contends support the responsive statements set forth in Paragraph 305 of the Answer.

**Response**

To the extent that the Defendant is in the possession, custody, or control of any other documents he will supply them.

47.    All documents the Debtor contends support the denials set forth in Paragraph 312 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied.

48.    All documents the Debtor contends support the denials set forth in Paragraph 316 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied.

49.    All documents the Debtor contends support the denials set forth in Paragraph 320 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied.

50.    All documents the Debtor contends support the denials set forth in Paragraph 324 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied.

51.    All documents the Debtor contends support the denials set forth in Paragraph 328 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied.

52.    All documents the Debtor contends support the denials set forth in Paragraph 334 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings.

53.    All documents the Debtor contends support the denials set forth in Paragraph 335 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings

54.    All documents the Debtor contends support the denials set forth in Paragraph 336 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings

55.    All documents the Debtor contends support the denials set forth in Paragraph 337 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings

56.    All documents the Debtor contends support the denials set forth in Paragraph 338 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings

57.    All documents the Debtor contends support the denials set forth in Paragraph 339 of the Answer.

**Response**

All documents within the possession, custody, or control of the Defendant have already been supplied and/or are part of the transcripts of meetings and/or examinations and/or are pleadings filed in the bankruptcy proceedings

58.    All documents the Debtor contends support the denials set forth in Paragraph 415 of the Answer.

Response

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

59.    All documents the Debtor contends support the denials set forth in Paragraph 416 of the Answer.

Response

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

60.    All documents the Debtor contends support the denials set forth in Paragraph 419 of the Answer.

Response

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

61.    All documents the Debtor contends support the denials set forth in Paragraph 420 of the Answer.

Response

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

62.    All documents the Debtor contends support the denials set forth in

14

Paragraph 421 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

63.   All documents the Debtor contends support the denials set forth in Paragraph 424 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

64.   All documents the Debtor contends support the denials set forth in Paragraph 425 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request.

65.   All documents the Debtor contends support the denials set forth in Paragraph 426 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request

66.   All documents the Debtor contends support the denials set forth in Paragraph 429 of the Answer.

**Response**

Defendant has no documents within his possession, custody, or control and is unaware of any documents responsive to the request

Steven C. Fustolo
By his attorney

David M. Nickless, Esq. (BBO No. 371920)
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, MA 01420
(978) 342-4590
dnickless.nandp@verizon.net

## CERTIFICATE OF SERVICE

I, David M. Nickless, do hereby certify that I served Response of Steven C. Fustolo to Plaintiffs' First Request for Production of Documents, Electronically Stored Information and Things by mailing the same to the party listed below.

Michael J. Fencer, Esq.
Jonathan M. Horne, Esq.
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(Counsel to Plaintiffs)

Dated: February 13, 2015

David M. Nickless

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re
Steve C. Fustolo
     Debtor

Chapter 7
No. 13-12692-JNF

50 Thomas Patton Drive, LLC, The Patriot
Group, LLC
     Plaintiffs

v.

Steven C. Fustolo
     Defendant

Adv. Pro.
14-1193

## DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. State the basis for the responsive statement made in one or more paragraphs of the Answer "that at various times [the Debtor] historically deposited funds into his wife's account as it was she that paid all household bills and that she used the funds for payment of household expenses."

Response

The basis is evidenced by the actual payments for household bills made from Debtor's wife's bank accounts as further evidenced by the canceled checks.

2. Identify all "household bills" and all "household expenses" for which the Debtor and his wife were obligated to pay during the Request Period.

Response

Reference is made to Debtor's Schedule I filed on January 17, 2014 attached hereto which summarizes Debtor's living/household expenses paid for the twelve months prior to the May 2013 petition date. Those same amounts approximate the categories and amounts of

living/household expenses incurred for the other periods within the Request Period, adjusted for inflation.

3.  Identify all publishers of educational, or continuing educational materials or works, whether published in written form, or in audio or video recorded form, to who or which the Debtor submitted, sold, or licensed any materials of any kind during the Request Period.

**Response**

Reference is made to the subpoenas issued by the Plaintiff's in this Adversary Proceeding and the Forms 1099 previously supplied. I am aware of no other publishers.

4.  For each publisher identified in the immediately preceding request, state the terms of payment or compensation the Debtor did or was to receive, including, without limitation, the method by which such payment or compensation was to be computed, the intervals and dates that the Debtor was to receive such payments or compensation, and identify all such payments or compensation the Debtor received during the Request Period.

**Response**

The Defendant did not retain copies of agreements, and some agreements were never, to the best of my recollection, put into writing. Some entities paid a lump sum in advance of work, some paid monthly as they sold their publications, and some paid quarterly as they sold publications. Based upon the subpoenas issued by the Plaintiffs, it is also my belief that they have obtained this information directly from the third parties.

5.  State the basis for the responsive statement made in one or more paragraphs of the Answer "that any funds [the Debtor] did provide to his wife subsequent to the petition date were post petition earnings and were to be used for household expenses."

**Response**

The Defendant believes that the funds deposited into Debtor's wife's bank accounts to pay household/living expenses were primarily from Debtor's earnings for services rendered subsequent to the petition date. The Defendant has previously acknowledged on multiple occasions that some of the funds could have been generated by writings completed and not modified prior to the petition date.

6.  Identify all persons employed by, or associated or affiliated with Patton Drive with who the Debtor alleges he has ever communicated, whether orally or in writing.

**Response**

I communicated with Clifford Schorer, his secretary (whose name I cannot recall at this time), Robert Anderson, a broker for Patton Drive, and David Rich (an attorney for Patton Drive).

7.  Identify all persons employed by, or associated or affiliated with Patriot with who the Debtor alleges he has ever communicated, whether orally or in writing.

**Response**

I communicated with at least Dan Harrington, William Cargill, John Howe, and Attorney Rita Kraner, an attorney at Reimer & Braunstein.

8.  Identify all documents concerning communications by, between, or including the Debtor and Patton Drive.

**Response**

Reference is made to the documents submitted to Attorney Todd & Weld as part of state court litigation. I am aware of no other documents responsive to the Interrogatory.

9.  Identify all documents concerning communications by, between, or including the Debtor and Patriot.

**Response**

All documents were supplied to either Jager Smith or Reimer & Braunstein as part of previous discovery. I am aware of no other documents responsive to the Interrogatory

10. State the last date on which CPE Meetings employed any person as an employee.

**Response**

I do not recall the exact date but it was sometime in 2011 or 2012.

11. State the basis for the denials set forth in Paragraph 16 of the Answer.

**Response**

I offered to surrender the Revere Beach Property in exchange for the guarantee. I asked Dan Harrington, the then President of Patriot, if Patriot would accept a deed in lieu in exchange for the guarantee. Harrington said Patriot would not agree to give up the guarantee and could not accept a deed in lieu because it had to foreclose to remove the second and third mortgagees from the property. I also offered to help Patriot re-permit the property to add value and Patriot denied Debtor's offer of assistance, resulting in Patriot botching the re-permitting effort and not maximizing property value to mitigate damages.

12. State the basis for the denials set forth in Paragraph 87 of the Answer.

**Response**

To the extent that the Interrogatory requires a legal conclusion the Defendant objections. Further responding most entities were LLCs, not corporations. All of the entities were owned and controlled by me, and I was the sole decision maker with respect to all decisions of the entities.

13. State the basis for the denials set forth in Paragraph 88 of the Answer.

**Response**

To the extent that the Interrogatory requires a legal conclusion the Defendant objections.

Further responding most entities were LLCs, not corporations. All of the entities were

owned and controlled by me, and I was the sole decision maker with respect to all decisions

of the entities.

14. State the basis for the denials set forth in Paragraph 164 of the Answer.

**Response**

I did not consider them transfers and disclosed the expenditures on Schedule J.

15. State the basis for the denials set forth in Paragraph 202 of the Answer.

**Response**

Plaintiffs have failed to provide any detail related to the amounts under $2,000, and I have

no specific recollection of making other cash withdrawals of less than $2,000, it impossible

to respond to the Interrogatory. Further, all of my bank records for the last number of years

of entities that I have owned are already in the possession of the Plaintiffs.

16. State the basis for the denials set forth in Paragraph 235 of the Answer.

**Response**

During the various depositions, Debtor answered all questions as asked, including

responding to questions about transactions between entities.

17. State the basis for the denials set forth in Paragraph 247 of the Answer.

**Response**

I believe that entities owned by me are parties to some of the contracts with continuing

education providers and that those entities therefore both have rights to receive and have

actually received payments.

18. State the basis for the denials set forth in Paragraph 269 of the Answer.

**Response**

Paragraphs 316-335 do not, as I read them, concern royalty transfers. Further, I both

disclosed to the Trustee at the outset of the Section 341 meeting that I may have received payments subsequent to date of the involuntary petition for writings submitted prior to the petition date. Finally, I filed an amended Schedule B that lists royalty payments in an unknown amount.

19. State the basis for the denials set forth in Paragraph 305 of the Answer.

**Response**

I did not deny the allegations of Paragraph 305.

20. State the basis for the denials set forth in Paragraph 335 of the Answer.

**Response**

I both disclosed to the Trustee at the outset of the Section 341 meeting that I may have received payments subsequent to date of the involuntary petition for writings submitted prior to the petition date. I also filed an amended Schedule B that lists royalty payments in an unknown amount. I believed then and continue to believe today that the amounts of royalties due subsequent to the petition date for written material submitted prior to the petition date is not significant because I supplied a number of amended and superseding writings after the petition date.

21. State the basis for the denials set forth in Paragraph 336 of the Answer.

**Response**

I did not believe that the Century account was my property and did not know how much money was in the account on the petition date. I did inform the Trustee that my wife had one or more bank accounts.

22. State the basis for the denials set forth in Paragraph 338 of the Answer.

**Response**

I did not believe that the Citizens account was my property and did not know how much money was in the account on the petition date. I did inform the Trustee that my wife had

one or more bank accounts

23. State the basis for the denials set forth in Paragraph 425 of the Answer.

**Response**

On several occasions, I attempted to settle the Patriot Judgment but each time Patriot and John Howe reneged on the deal. In 2012, I offered to settle judgment by handing over his interests in several LLCs which Patriot/Howe rejected. In mid- 2013, after the involuntary petition had been filed but before the court provided relief, I offered to settle all claims for $840,000 which I believe was accepted by Patriot. Patriot later reneged on the settlement.

24. State the basis for the denials set forth in Paragraph 426 of the Answer.

**Response**

While I am not sure about the date, I did offer to hand over real estate as deed in lieu in exchange for elimination of the guarantee.

Signed under the pains and penalties of perjury this   day of February, 2015

Steven C. Fustolo

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on the 5th day of December 2014 I caused

a true and accurate copy of the foregoing document to be served upon the persons below

via first class mail, postage prepaid, and by electronic mail.

/s/ Michael J. Fencer
_____
Michael J. Fencer

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, Massachusetts 01420
dnickless.nandp@verizon.net
*(counsel to the Debtor)*

or more bank accounts

23. State the basis for the denials set forth in Paragraph 425 of the Answer.

**Response**

On several occasions, I attempted to settle the Patriot Judgment but each time Patriot and John Howe reneged on the deal. In 2012, I offered to settle judgment by handing over his interests in several LLCs which Patriot/Howe rejected. In mid- 2013, after the involuntary petition had been filed but before the court provided relief, I offered to settle all claims for $840,000 which I believe was accepted by Patriot. Patriot later reneged on the settlement.

24. State the basis for the denials set forth in Paragraph 426 of the Answer.

**Response**

While I am not sure about the date, I did offer to hand over real estate as deed in lieu in exchange for elimination of the guarantee.

Signed under the pains and penalties of perjury this     day of February, 2015

_____
Steven C. Fustolo

### CERTIFICATE OF SERVICE

I, David M. Nickless, Esq. do hereby certify that I will serve a copy of the within document by mailing same to the parties listed below.

Michael Fencer, Esq.
Jager, Smith, PC
One Financial Center, 4th Fl
Boston, MA  02111


Dated: February 13, 2015

/S/   David M. Nickless
David M. Nickless