UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE: STEVEN C. FUSTOLO,

Debtor.

50 THOMAS PATTON DRIVE, LLC and
THE PATRIOT GROUP, LLC,

                Plaintiffs

v.

STEVEN C. FUSTOLO,

                Defendant

Chapter 7

Case No.: 13-12692-JNF

AP No.: 14-01193-JNF

**RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
THE PATRIOT GROUP, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COUNT IV AND UNDER 11 U.S.C. § 727(a)(4)(A)AGAINST
DEFENDANT/DEBTOR STEVEN C. FUSTOLO**

Pursuant to Local Rule 56.1 and Fed. R. Civ. P. 56, creditor The Patriot Group, LLC

("Patriot") submits this Statement of Undisputed Material Facts in support of its Motion for

Summary Judgment against Defendant/Debtor Steven C. Fustolo ("Fustolo" or "Debtor").  Each

statement below is followed by a reference to the evidence supporting the statement.  All evidence

cited herein has been attached to the accompanying Affidavit of Jack I. Siegal ("Siegal Aff."), or is

identified by citation to docketed entries ("ECF").

## UNDISPUTED MATERIAL FACTS

1.      Debtor Steven Fustolo is a tax law expert.  He is a partner with the Boston CPA firm

of James J. Fox & Company and Director of the National Tax Institute, Inc.  (No. 14-01193-JNF,

ECF 11 ¶¶ 8-9; Siegal Aff., Ex. A (Fustolo biography)).[1]

---

[1] All "Ex." References are to Exhibits attached to the Affidavit of Jack I. Siegal.

2.      Specifically, Fustolo claims to have substantial expertise in the area of tax reporting, and is a frequent lecturer and author on various tax and accounting issues.  (No. 14-01193-JNF, ECF 11 ¶¶ 8-9; Siegal Aff, Ex. B (Day 2) at 32).

3.      On May 6, 2013, the Petitioning Creditors 50 Thomas Patton Drive, LLC, Patriot, and Richard Mayer filed an involuntary petition for relief against Fustolo, pursuant to Chapter 7 of the Bankruptcy Code.  (No. 13-12692-JNC, ECF 1(Petition)).

4.      Patriot is an unsecured creditor of the Debtor, with a claim of approximately $25,756,305.33.  (See No. 13-12692-JNF, Claim No. 5).

5.      On January 17, 2014, Fustolo filed Schedules A, B, C, E, G, H, I, J, Summary of Schedules, Statement of Financial Affairs, and Amended Schedules D & F.  (No. 13-12692-JNF, ECF 101).

6.      A claim for "possible whistleblower recovery" is not listed on Fustolo's *original* Schedule B.  (See No. 13-12692-JNF, ECF 101("Schedule B")).

7.      Thereafter, the Debtor's Section 341 meeting of creditors (originally begun on January 21, 2014) was continued to May 9, 2014.  (See No. 13-12692-JNF, un-docketed entries dated December 23, 2013; January 21, 2014; March 5, 2014; and April 25, 2014).

8.      On May 7, 2014, Fustolo sent an email to his counsel, Bruce Edmands, stating that "today or tomorrow" he would be "filing with the IRS and will be filing with the SEC's office of the whistleblower under Dodd-Frank."  (Siegal Aff., Ex. B (Day 2) at 38-41).

9.      In other words, as of May 7, 2014, Fustolo concedes that he had not filed any claims with the IRS or the SEC.  (Id.).

10.     On May 7, 2014, Fustolo also forwarded a draft of a letter he authored for Edmands' signature addressed to Patriot's counsel alleging that Patriot was abusing the bankruptcy proceedings as a means to retaliate against him for reporting Patriot's alleged tax fraud.  (Siegal

Aff., Ex. B (Day 2) at 37-39).

11.     Edmands agreed to assist Fustolo in finishing the letter because of "time constraints,"

i.e. - - that on May 9, 2014, Fustolo was scheduled to testify at the continued Section 341 meeting

of creditors.  (Siegal Aff., Ex. B (Day 2) at 45-47, 53-56).

12.     According to Edmands, Fustolo wanted to send the letter prior to the Section 341

examination and invoke some anti-retaliation provisions in the SEC and IRS statutes.  (Siegal Aff.,

Ex. B (Day 2) at 45-47, 53-56).

13.     Fustolo was afraid that he was going to be "bullied" at the Section 341 hearing, and

he wanted to throw Patriot's attorney "off his game."  (Siegal Aff., Ex. B (Day 2) at 46-48).

14.     On May 9, 2014, Edmands sent the letter to Patriot entitled "Whistleblower

Notification."   (Siegal Aff., Ex. C).

15.     The letter states that Fustolo has filed a claim against Patriot with the IRS and notice

with the SEC.  (Id.).

16.     The letter provides in pertinent part:

> The purpose of this letter is to inform you and your clients, The Patriot Group
> LLC, Old Hill Partners Inc. (as successor to Patriot Group) (hereinafter "Patriot")
> that **Steven Fustolo has filed a claim against Patriot in accordance with the
> Internal Revenue Service Whistleblower statute, Section 7623 of the Internal
> Revenue Code.**  Mr. Fustolo's IRS filing may also affect Patriot's members,
> investors, and affiliated off-shore entities and funds.

> Additionally, **Mr. Fustolo has filed a notice with Security [sic] and Exchange
> Commission's Office of the Whistleblower**, identifying himself as a
> whistleblower in respect to Patriot pursuant to the Dodd-Frank Wall Street
> Reform and Consumer Protection Act (Dodd-Frank).  Moreover, Mr. Fustolo
> anticipates the possibility of filing additional claims regarding Patriot under other
> federal and state whistleblower statutes.

> **Having previously informed a Patriot representative of his intention to notify
> the Internal Revenue Service of Patriot's alleged tax fraud, Mr. Fustolo has
> come to believe and now alleges that Patriot and its principal, John Howe,
> abused and will continue to abuse the bankruptcy proceedings as a means to
> retaliate against him for reporting Patriot's tax violations**.

More particularly, **Mr. Fustolo alleges that with advance knowledge of Mr. Fustolo's pending IRS filings, Patriot and John Howe, personally, embarked on a campaign to harass and intimidate him and destroy his reputation by filing a petition for involuntary bankruptcy under Section 303(b) of the Bankruptcy Code.** In doing so, Patriot also conspired with two other creditors whom you represent, 50 Thomas Patton Drive, LLC and Richard Mayer, who joined Patriot in filing the involuntary bankruptcy petition which is currently pending against Mr. Fustolo in the United States Bankruptcy Court in Massachusetts.

**Mr. Fustolo believes that the petitioners filed bankruptcy petition and prosecuted their claims in bad faith in violation of anti-retaliatory provisions of the whistleblower protections referenced above.**

(Id.) (Emphasis added).

17.     On August 14, 2014, after the conclusion of the Section 341 meeting of creditors, Fustolo filed an Amended Schedule B in which he listed among his assets "claims" involving "possible whistleblower recovery" to which he ascribed an "unknown" value. (See No. 13-12692-JNF, ECF 172 ("Schedule B"); No. 14-01193-JNF, ECF 11 ¶ 332).

18.     Fustolo thereafter filed pleadings with this Court specifically stating that he had filed whistleblower claims with the IRS and the SEC, and that he expected to be rewarded by these agencies for his whistleblower complaints. (See No. 13-12692-JNF, ECF 173; 200 ¶¶ 7-11; 227 ¶¶ 3-7; Siegal Aff., Ex. D at 194-99); see also 26 U.S.C. § 7623 (IRS authorized to provide cash awards to whistleblowers equal to thirty percent of all collected unpaid taxes and penalties).

19.     If bona fide, the Whistleblower Claims would have represented Fustolo's single largest personal property asset by a wide margin. (See No. 13-12692-JNF, ECF 172 ("Schedule B"));

20.     Indeed, according to his Financial Schedules, Fustolo only had $6,584 in personal property assets at the time the schedules were filed. (See No. 13-12692-JNF, ECF 172 ("Amended Summary of Schedules")).

4

21.     On August 27, 2014, during his Rule 2004 Examination, Fustolo was questioned

extensively concerning the Whistleblower Claims raised in the May 9, 2014 letter, which he sent to

Patriot a mere three months earlier.  (Siegal Aff., Ex. D at 191-205).

22.     During the examination, Fustolo testified that he did not have a copy of anything he

sent to the IRS or SEC and had no notes or documents whatsoever to substantiate that he actually

filed the Whistleblower Claims.  (Siegal Aff., Ex. D at 194, 200-02) ("I have kept no notes and no

documents that would refresh my memory on this.").

23.     Incredibly, Fustolo, a highly experienced CPA and tax expert, could not recall <u>any</u>

<u>facts</u> or basic details supporting the allegations of tax fraud that supposedly formed the basis of the

Whistleblower Claims.  Indeed, when directly asked about his claims, Fustolo testified:

> Q.     What is the complaint or the claim, I'm sorry, that you filed against
> Patriot with the Internal Revenue Service?
>
> A.      Mr. Fencer, I supplied all documents in connection with my
> whistleblower filing to the Internal Revenue Service and the SEC,
> retained none of the filings, did not retain a copy, and embedded in
> all those filings was all the information in connection with this
> claim.
>
> Q.     But I'm not asking you for the documents here today or what they
> said. I'm asking you what claim you filed against Patriot with the Internal
> Revenue Service.
>
> A.      <u>All the information on that claim is in there.  I'd have to
> have that information in front of me to refresh my memory</u>.
>
> ***
>
> Q.     What do you allege that Patriot did to violate what is denominated
> here as the Dodd-Frank Act?
>
> A.      <u>The same thing.  It's in all the documents that were
> supplied to the SEC, Mr. Fencer</u>.
>
> ***
>
> Q.     So sitting here today, are you able to tell me anything that Patriot
> either did do or did not do that was either prohibited by or required by

Dodd-Frank?

> A.      I don't have the documents to make that statement.  I don't
> have them with me to refresh my memory of what they were.

(Siegal Aff., Ex. D at 194-95, 198-201).

24.      Fustolo also could not recall when he allegedly filed his claims with the IRS and

SEC or the contents of his filings.  (Siegal Aff., Ex. D at 191-205).

25.      Despite Fustolo's allegations that Patriot's filing of the involuntary bankruptcy

petition was in retaliation for his whistleblower activities, when examined under oath, Fustolo could

not even recall whether he had advised Patriot of the filing of his whistleblower reporting:

> Q.      Did you convey your intention to report Patriot to the Internal
> Revenue Service orally to anyone at Patriot?
>
> A.      I don't recall.
>
> Q.      Did you report or inform a representative of Patriot of your
> intention to notify the Internal Revenue Service of this alleged tax fraud in
> writing?
>
> A.      I don't recall.

(Siegal Aff., Ex. D at 204).

26.      Similarly, Fustolo's counsel testified that he did not have copies of the

Whistleblower Claims, or any documents concerning the Whistleblower Claims.  (Siegal Aff., Ex.

B (Day 2) at 53-55, 57-58; Ex. E (Day 1) at 44-45, 55, 61-62, 64).

27.      Fustolo's counsel could not recall any details or subsidiary facts supporting the

allegations of tax fraud.  (Siegal Aff., Ex. B (Day 2) at 13-15, 28-31).

28.      Fustolo's counsel further admitted that he did not independently verify any aspect of

the bases for the purported claims; rather, he relied solely on Fustolo because Fustolo is an "expert

in tax, has written nine books on the subject, and has lectured extensively."  (Siegal Aff., Ex. B

(Day 2) at 13, 19-23, 32).

29.     Fustolo's counsel has no information or knowledge about the basis of the alleged

Whistleblower Claims. (Siegal Aff., Ex. B (Day 2) at 19-23, 28-32, 55-56, 58; Ex. E (Day 1) at 44-

45, 61-64).

30.     Fustolo's counsel could not articulate any legal basis for claiming that putting a

person into bankruptcy could constitute retaliation under any whistleblower statute.  (Siegal Aff.,

Ex. E (Day 1) at 60).

31.     Fustolo's counsel did nothing to confirm that Fustolo had filed the Whistleblower

Claims and did not know whether he actually submitted the claims.  (Siegal Aff., Ex. B (Day 2) at

43-44).


                              Respectfully submitted,

                              ATTORNEYS FOR THE PATRIOT GROUP, LLC,


                       By:     /s/ Jack I. Siegal
                              Michael Paris (BBO#556791)
                              mparis@nbparis.com
                              Joel G. Beckman (BBO#553086)
                              jbeckman@nbparis.com
                              Jack I. Siegal (BBO#669173)
                              jsiegal@nbparis.com
                              **NYSTROM BECKMAN & PARIS LLP**
                              One Marina Park Drive, 15th Floor
                              Boston, MA  02210
                              T: (617) 778-9100
                              F: (617) 778-9110


DATED:  June 15, 2015




                                    7

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 15th day of June, 2015.


/s/ Jack I. Siegal