UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br>Steve C. Fustolo<br>    Debtor | Chapter 7<br>No. 13-12692-JNF |
| 50 Thomas Patton Drive, LLC, The Patriot Group, LLC<br>    Plaintiffs<br>v.<br>Steven C. Fustolo<br>    Defendant | Adv. Pro.<br>14-1193 |

**OPPOSITION OF STEVEN C. FUSTOLO TO MOTION OF
THE PATRIOT GROUP, LLC FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV**

**FACTS**

Steven C. Fustolo (the "Debtor") incorporates his responses to the Rule 56.1 Statement of Undisputed Facts In Support of The Patriot Group, LLC's Motion For Partial Summary Judgment and Additional Statement of Material Facts.

**ARGUMENT**

**I.   SUMMARY JUDGMENT CAN ONLY BE GRANTED IF THE MOVING PARTY PROVIDES CONCLUSIVE EVIDENCE ON THE ISSUE PRESENTED**

"The role of summary judgment is 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 ($1_{st}$ Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50($1_{st}$ Cir. 1990). It is appropriate to enter summary judgment against a party who has failed to make a showing sufficient to satisfy an element of its case on which that party would bear the burden at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, (1986). This court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *GE HFS Holdings, Inc. v National Union Fire Ins. Co. of Pittsburg, PA* 520 F.Supp 2d 213, 217 (D. Mass. 2007), quoting *Barbour v Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir 1995). In the First Circuit, "the party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is *conclusive*." *Vargas v. Cummings*, 149 F.3d 29, 35 (1st Cir.1998) (emphasis supplied). Contrary to Patriot Group's assertion, there is no evidence in the record, let alone overwhelming evidence, that would permit the Court to grant Patriot Group's Motion.

## II.  THE WHISTLEBLOWER CLAIMS EXIST

Patriot Group has filed a Motion for Partial Summary Judgment (the SJ Motion) based upon its assertions that Fustolo made a false oath when he identified "possible whistleblower claims" having an unknown value in his Amended and Superseding Schedule B at B-21 filed at Docket #172. Accordingly, Patriot Group's SJ Motion rises, and ultimately falls, on its unsupported allegation that, despite his statement in the Amend Schedules and Statement of Affairs filed on August 14, 2014 the Debtor did not have any possible whistleblower claim. Patriot Group has not only failed to meet its burden to prove that the Whistleblower Claims do not exist, the uncontroverted evidence indicates that Fustolo both had a possible claim and that he had filed claims with the Internal Revenue Service and the Securities and Exchange Commission under the whistleblower statutes earlier in 2014.

A claim need not have been filed with a legal tribunal to exist. 11 U.S.C. § 101 (5)(a "claim" is defined as either (A) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,

2

legal, equitable, secured, or unsecured). See also *In re Pick & Save, Inc.* 478 BR 110, 117 (Bankr. D. P.R. 2012) citing *In re Stewart Foods, Inc.* 64 F.3d 141, 146 (4th Cir 1995) ("A claim arises regardless of enforcement efforts ( *i.e.* future litigation) or whether the claim is contingent, unliquidated, or unmatured when the petition is filed.) While Section 105 of the Bankruptcy Code is intended to address Proofs of Claims filed by creditors, the definition is equally appropriate for any causes of action that the Debtor may have. See *Lewis v Weyerhaeuser Co* 141 Fed. Appx. 420 (6th Cir. 2005) (Debtors are barred from initiating and pursuing cause of action arising from activities that occurred prior to the petition date if they did not list the cause of action on Schedule B of their bankruptcy petition). *GE HFS Holdings, Inc. v National Union Fire Ins. Co. of Pittsburg, PA* 520 F.Supp 2d 213, 217 (D. Mass. 2007) (failure to list a claim, even if not understood at the time of the bankruptcy to exist, bars future litigation on that claim).

Nothing in the definition of a claim requires anything more than the existence of rights. Therefore, whether or not the Debtor has contemporaneous notes or communications or whether the Debtor had filed certain papers with the Internal Revenue Service and the Securities and Exchange Commission prior to the date the creditors filed the Involuntary Petition is irrelevant to the issue of whether or not the Debtor's assets include possible whistleblower claims. The Debtor was not initially aware that his right to bring Whistleblower Claims could be an asset of the bankruptcy estate until after he first filed his Schedules of Assets in January of 2014. As required by the Bankruptcy Code and all the case law, when he later became aware that the claims could be assets of the bankruptcy estate, he both voluntarily identified the existence of those possible claims and later filed the Amended Schedules. Fustolo received acknowledgements from both the Internal Revenue Service and the Securities and Exchange Commission of their receipt of the whistleblower claims, and counsel to Patriot was provided

3

copies of those acknowledgements in its possession.

Patriot Group's only "proof" that the Whistleblower Claims do not exist is its dissatisfaction with the Debtor's answers to Patriot Group's questions concerning the nature and substance of the Whistleblower Claims and wholly irrelevant testimony from the Debtor's attorney that he (counsel) conducted no investigation concerning the merits of the Whistleblower Claims, has no knowledge concerning the basis for the Whistleblower Claims, had no documents to confirm the Whistleblower Claims were made, and was unaware of the legal basis for the Whistleblower Claims. Notably, Patriot Group failed to provide the only evidence that could support its assertions that being an affidavit from an official record keeper of the Internal Revenue Service and the Securities and Exchange Commission attesting to the non-existence of the Whistleblower Claims filed by Fustolo.

Patriot Group's failure to meet its burden of production should end the inquiry.

### III. PATRIOT GROUP HAS FAILED TO MEET ITS BURDEN OF PRODUCTION UNDER 11 U.S.C. § 727 (a)(4)(A)

Even if this court were to find that the acknowledgments from the Internal Revenue Service and the Securities and Exchange Commission somehow do not exist, Patriot still has failed to meet its burden. With regard to a denial of discharge pursuant to 11 U.S.C. § 727 (a)(4), a plaintiff must prove by a preponderance of the evidence that a debtor (1) knowingly and fraudulently, (2) made a false oath in or in connection with the case, (3) relating to a material fact. *Boroff v. Tully (In re Tully),* 818 F. 2nd 106, 110 (1st Cir. 1987). The burden of proof is always upon the plaintiff. *In re Drumm*, 524 B.R. 329, 395 (Bankr. D. Mass. 2015) See also Bankruptcy Rule 4005 ("At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection.")

Patriot Group produced no substantive evidence of fraudulent intent. The existence of fraudulent intent is a question of fact, and the creditor bears a considerable burden in demonstrating such intent. *Dranichak v. Rosetti*, 493 B.R. 370. 379 (N.D. N.Y. 2013). Fraudulent intent may be established in one of two ways: by circumstantial evidence from a course of conduct or by reckless indifference to the truth. *Id*.

Here, Patriot Group offers mere speculation that the Debtor had ulterior motives for claiming the existence of possible whistleblower claims, i.e., to avoid "bullying" at the Section 341 meeting, to invoke certain "protections" available to the Debtor through the whistleblower statutes, and to attack Patriot Group. Patriot Group has failed to show any course of conduct, nor has Patriot Group shown reckless indifference to the truth. Patriot Group's reliance on *In re Bailey*, 145 B.R. 919 (Bankr. N.D. Ill. 1992) and *In re Leffingwell,* 279 B.R. 328 (Bankr. M.D. Fla. 2002) is misplaced.

*In re Bailey* involved the plaintiff/creditor's allegation of thirteen separate false oaths by the debtor. These included inconsistent testimony by the debtor regarding the author of his schedules, the debtor's failure to disclose the sale of a residence in France within one year of the bankruptcy, failure to disclose the sale of antiques, failure to disclose the sale of a boat, failure to disclose ownership of corporate stock, and fraudulent undervaluation of a Corvette. *In re Bailey* at 928-929. The court noted that the alleged false statements would not in and of themselves be material enough to justify a denial of discharge, but only the cumulative effect of such a large volume of false statements could justify denial of discharge. *Id*.

*In re Leffingwell* involved false statements concerning the defendant/husband's residence; the defendant/husband's 1999 income; the defendant/husband's monthly income from his employer; the defendant/husband's continuing employment and his entitlement to wages; the

5

defendant/husband's rent expense; the defendant/husband's support expense; the defendant/husband's legal ownership of trust properties; the defendant/husband's ownership of common stock; the value of the defendants' homestead real property; the value of the defendants' personal property; and the defendants' failure to disclose prepetition payments to creditors. *In re Leffingwell* at 348.

It is not for this court in this Adversary Proceeding to determine the value of the whistleblower claims that Fustolo actually filed with the Internal Revenue Service and the Securities and Exchange Commission. They could be worth nothing, or, alternatively, they could ultimately comprise, as Patriot has asserted, the most valuable asset that the trustee ultimately recovers for the benefit of creditors.

The existence of false or inaccurate statements is not, in and of itself, sufficient cause to deny a debtor a discharge unless it is shown that these statements were knowingly and fraudulently made. *In re Diamond,* 106 Fed. Appx. 73, 78, 2004 WL 1557837, 6 (1st Cir. 2004). The subject matter of a false oath is material, and thus sufficient to bar discharge, if it "bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property." *In re Sullivan*, 455 B.R. 829, 839 (1st Cir. BAP, 2011). The provisions of Bankruptcy Code section 727 (a) should be "construed liberally in favor of the debtor and strictly against the creditor…The reasons for a denial of a discharge must be real and substantial rather than technical and conjecture." 6 *Collier on Bankruptcy* ¶ 727.01[4] (15 ed.2005) at 727–12 (internal quotations omitted).

Patriot Group's argument concerning materiality rests on the following "logic": The Whistleblower Claims don't exist, but if they did exist, they would have significant value; therefore they are material.

6

For a false oath to be considered material, it must be shown that it "bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re McElroy*, 229 B.R. 483, 488 (Bankr. M.D. Fla. 1998).

The cases cited by Patriot Group for materiality are either inapposite or readily distinguishable. *In re Chavin* did not involve the issue of whether a false oath was material, but rather the state of mind necessary to prove fraud. "Intent to defraud involves a material misrepresentation that you know to be false, or what amounts to the same thing, an omission that you know will create an erroneous impression… Chavin concedes as he must that not caring whether some representation is true or false—the state of mind known as 'reckless disregard'—is, at least for purposes of the provisions of the Bankruptcy Code governing discharge, the equivalent of knowing that the representation is false and material." *In re Chavin*, 150 F. 3d 726, 728 (7th Cir. 1998). *In re Cline*, 48 B.R. 581 (Bankr. E.D. Tenn. 1985) involved an overstatement of secured debt that purported to wipe out all equity in the debtors' real estate, thus attempting to shield the value of the asset from the trustee. *In re Adamo*, 2008 WL 1711401 (Bankr. D. Mass. 2008) involved what the court described as a case in which a debtor "completely failed to put forward 'complete, truthful, and reliable information' at the outset of the case." *Id.* at 7.

Finally, Patriot's argument that the Debtor falsely listed an asset turns the obligations of the Debtor on its head. Patriot would have every right to point out that the Debtor *failed* to list possible whistleblower claims that existed prior to the date the Involuntary Petition was filed if the Debtor subsequently filed notices with the Internal Revenue Service and the Securities and Exchange Commission and personally sought a recovery. Its argument here is that the Debtor actually listed an asset that it asserts does not exist. If so, the Trustee can abandon the "asset" to

7

the Debtor as of no value. There is nothing "material" about listing an asset that one or more creditors assert does not exist.

## CONCLUSION

For all the reasons stated above Patriot Group's Motion should be denied.

                          Steven C. Fustolo
                          By his attorney

                          /S/   David M. Nickless
                          **David M. Nickless, Esq.**
                          Nickless, Phillips and O'Connor
                          625 Main Street
                          Fitchburg, MA  01420
                          (978) 342-4590
                          BBO No. 371920
                          dnickless.nandp@verizon.net

## CERTIFICATE OF SERVICE

     I, David M. Nickless, do hereby certify that I served copy of the within pleading by electronic service to the parties listed below.

| | |
|---|---|
| Michael Paris, Esq. | Jonathan M. Horne, Esq. |
| Joel G. Beckman, Esq. | Howard P. Blatchford, Jr., Esq. |
| Jack I. Siegal, Esq. | Michael J. Fencer, Esq. |
| Nystrom Beckman & Paris, LLP | Jager Smith, P.C. |
| One Marina Park Drive, 15th Floor | One Financial Center |
| Boston, MA 02210 | Boston, MA 02111 |
| *Counsel to The Patriot Group. LLC* | *Counsel to 50 Thomas Patton Drive, LLC* |

Dated:  August 7, 2015                    /s/ David M. Nickless
                                            David M. Nickless