UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re<br>Steve C. Fustolo<br>       Debtor<br><hr><br>50 Thomas Patton Drive, LLC, The Patriot<br>Group, LLC<br>       Plaintiffs<br>v.<br><br>Steven C. Fustolo<br>       Defendant | Chapter 7<br>No.  13-12692-JNF<br><br><br><br>Adv. Pro.<br>14-1193 |

**FUSTOLO'S RESPONSE TO RULE 56.1 STATEMENT OF UNDISPUTED FACTS
FILED BY THE PATRIOT GROUP IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT ON COUNT IV AND UNDER 11 U.S.C. §
727(a)(4)(A) AGAINST DEFENDANT/DEBTOR STEVEN C. FUSTOLO**

1. Debtor Steven Fustolo is a tax law expert. He is a partner with the Boston CPA firm of James
   J. Fox & Company and Director of the National Tax Institute, Inc. (No. 14-01193-JNF, ECF
   11 ¶¶ 8-9; Siegal Aff., Ex. A (Fustolo biography))

Denied—The document makes no representation that Fustolo is an expert.

2. Specifically, Fustolo claims to have substantial expertise in the area of tax reporting, and is a
   frequent lecturer and author on various tax and accounting issues. (No. 14-01193-JNF, ECF
   11 ¶¶ 8-9; Siegal Aff, Ex. B (Day 2) at 32).

Admitted

3. On May 6, 2013, the Petitioning Creditors 50 Thomas Patton Drive, LLC, Patriot, and
   Richard Mayer filed an involuntary petition for relief against Fustolo, pursuant to Chapter 7
   of the Bankruptcy Code. (No. 13-12692-JNC, ECF 1(Petition)).

Admitted.

4. Patriot is an unsecured creditor of the Debtor, with a claim of approximately $25,756,305.33.
   (See No. 13-12692-JNF, Claim No. 5).

Request is neither admitted nor denied, stating that the Proof of Claim speaks for itself and the amount of the allowed claim will be determined by the Trustee in the claims process.

5.  On January 17, 2014, Fustolo filed Schedules A, B, C, E, G, H, I, J, Summary of Schedules, Statement of Financial Affairs, and Amended Schedules D & F. (No. 13-12692-JNF, ECF 101).

Admitted.

6.  A claim for "possible whistleblower recovery" is not listed on Fustolo's *original* Schedule B. (See No. 13-12692-JNF, ECF 101("Schedule B")).

Admitted.

7.  Thereafter, the Debtor's Section 341 meeting of creditors (originally begun on January 21, 2014) was continued to May 9, 2014. (See No. 13-12692-JNF, un-docketed entries dated December 23, 2013; January 21, 2014; March 5, 2014; and April 25, 2014).

Admitted.

8.  On May 7, 2014, Fustolo sent an email to his counsel, Bruce Edmands, stating that "today or tomorrow" he would be "filing with the IRS and will be filing with the SEC's office of the whistleblower under Dodd-Frank." (Siegal Aff., Ex. B (Day 2) at 38-41).

Admitted.

9.  In other words, as of May 7, 2014, Fustolo concedes that he had not filed any claims with the IRS or the SEC. (Id.).

To the extent that it is material, the statement is denied as stated. Fustolo admits that he intended to file whistleblower complaints on May 7, 2014 or May 8, 2014.

10. On May 7, 2014, Fustolo also forwarded a draft of a letter he authored for Edmands' signature addressed to Patriot's counsel alleging that Patriot was abusing the bankruptcy proceedings as a means to retaliate against him for reporting Patriot's alleged tax fraud. (Siegal Aff., Ex. B (Day 2) at 37-39).

Admitted.

11. Edmands agreed to assist Fustolo in finishing the letter because of "time constraints," i.e. - - that on May 9, 2014, Fustolo was scheduled to testify at the continued Section 341 meeting of creditors. (Siegal Aff., Ex. B (Day 2) at 45-47, 53-56).

Admitted but only to the extent that Edmands mentioned time constraints and that the continued 341 meeting was scheduled for May 9. The balance of the request is counsel's speculation.

2

12. According to Edmands, Fustolo wanted to send the letter prior to the Section 341 examination and invoke some anti-retaliation provisions in the SEC and IRS statutes. (Siegal Aff., Ex. B (Day 2) at 45-47, 53-56).

Denied to the extent that Fustolo intended to "invoke" anti-retaliation provisions rather than merely put parties on notice that he believed he was entitled to anti-retaliatory provisions.

13. Fustolo was afraid that he was going to be "bullied" at the Section 341 hearing, and he wanted to throw Patriot's attorney "off his game." (Siegal Aff., Ex. B (Day 2) at 46-48).

Admitted.

14. On May 9, 2014, Edmands sent the letter to Patriot entitled "Whistleblower Notification." (Siegal Aff., Ex. C).

Admitted.

15. The letter states that Fustolo has filed a claim against Patriot with the IRS and notice with the SEC. (Id.).

Admitted.

16. The letter provides in pertinent part:

> The purpose of this letter is to inform you and your clients, The Patriot Group LLC, Old Hill Partners Inc. (as successor to Patriot Group) (hereinafter "Patriot") that **Steven Fustolo has filed a claim against Patriot in accordance with the Internal Revenue Service Whistleblower statute, Section 7623 of the Internal Revenue Code.** Mr. Fustolo's IRS filing may also affect Patriot's members, investors, and affiliated off-shore entities and funds.
>
> Additionally, **Mr. Fustolo has filed a notice with Security [sic] and Exchange Commission's Office of the Whistleblower**, identifying himself as a whistleblower in respect to Patriot pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank). Moreover, Mr. Fustolo anticipates the possibility of filing additional claims regarding Patriot under other federal and state whistleblower statutes.
>
> **Having previously informed a Patriot representative of his intention to notify the Internal Revenue Service of Patriot's alleged tax fraud, Mr. Fustolo has come to believe and now alleges that Patriot and its principal, John Howe, abused and will continue to abuse the bankruptcy proceedings as a means to retaliate against him for reporting Patriot's tax violations**.

3

> More particularly, **Mr. Fustolo alleges that with advance knowledge of Mr. Fustolo's pending IRS filings, Patriot and John Howe, personally, embarked on a campaign to harass and intimidate him and destroy his reputation by filing a petition for involuntary bankruptcy under Section 303(b) of the Bankruptcy Code.** In doing so, Patriot also conspired with two other creditors whom you represent, 50 Thomas Patton Drive, LLC and Richard Mayer, who joined Patriot in filing the involuntary bankruptcy petition which is currently pending against Mr. Fustolo in the United States Bankruptcy Court in Massachusetts.
>
> **Mr. Fustolo believes that the petitioners filed bankruptcy petition and prosecuted their claims in bad faith in violation of anti-retaliatory provisions of the whistleblower protections referenced above.**

(Id.) (Emphasis added).

The contents of the letter are admitted without the emphasis added by Patriot here.

17. On August 14, 2014, after the conclusion of the Section 341 meeting of creditors, Fustolo filed an Amended Schedule B in which he listed among his assets "claims" involving "possible whistleblower recovery" to which he ascribed an "unknown" value. (See No. 13-12692-JNF, ECF 172 ("Schedule B"); No. 14-01193-JNF, ECF 11 ¶ 332).

Admitted.

18. Fustolo thereafter filed pleadings with this Court specifically stating that he had filed whistleblower claims with the IRS and the SEC, and that he expected to be rewarded by these agencies for his whistleblower complaints. (See No. 13-12692-JNF, ECF 173; 200 ¶¶ 7-11; 227 ¶¶ 3-7; Siegal Aff., Ex. D at 194-99); see also 26 U.S.C. § 7623 (IRS authorized to provide cash awards to whistleblowers equal to thirty percent of all collected unpaid taxes and penalties).

Denied as stated. Fustolo admits that he stated in pleadings that he had filed Whistleblower Claims.

19. If bona fide, the Whistleblower Claims would have represented Fustolo's single largest personal property asset by a wide margin. (See No. 13-12692-JNF, ECF 172 ("Schedule B")).

Denied. Fustolo had then and has now no idea if the claims have any value, but has listed them as required by the Bankruptcy Code.

20. Indeed, according to his Financial Schedules, Fustolo only had $6,584 in personal property assets at the time the schedules were filed. (See No. 13-12692-JNF, ECF 172 ("Amended Summary of Schedules")).

Denied. Fustolo listed a number of interests in closely held entities as unknown.

21. On August 27, 2014, during his Rule 2004 Examination, Fustolo was questioned extensively concerning the Whistleblower Claims raised in the May 9, 2014 letter, which he sent to Patriot a mere three months earlier. (Siegal Aff., Ex. D at 191-205).

Denied as stated. The examination of Fustolo encompassed over 200 pages, of which only 10-12 comprised questions concerning the Whistleblower Claims.

22. During the examination, Fustolo testified that he did not have a copy of anything he sent to the IRS or SEC and had no notes or documents whatsoever to substantiate that he actually filed the Whistleblower Claims. (Siegal Aff., Ex. D at 194, 200-02) ("I have kept no notes and no documents that would refresh my memory on this.").

Fustolo admits only that he did not retain a copy of what was sent to the IRS and the SEC. Further responding Fustolo avers that in July of 2014 he supplied Patriot's counsel with 500 pages of papers he had obtained concerning whistleblower statutes, Patriot and JH Howe Family Foundation, among others, as well as a copy of the acknowledgement of the SEC that it had received the Whistleblower Claim.

23. Incredibly, Fustolo, a highly experienced CPA and tax expert, could not recall any facts or basic details supporting the allegations of tax fraud that supposedly formed the basis of the Whistleblower Claims. Indeed, when directly asked about his claims, Fustolo testified:

> Q. What is the complaint or the claim, I'm sorry, that you filed against Patriot with the Internal Revenue Service?
>     A. Mr. Fencer, I supplied all documents in connection with my whistleblower filing to the Internal Revenue Service and the SEC, retained none of the filings, did not retain a copy, and embedded in all those filings was all the information in connection with this claim.
> Q. But I'm not asking you for the documents here today or what they said. I'm asking you what claim you filed against Patriot with the Internal Revenue Service.
>     A. All the information on that claim is in there. I'd have to have that information in front of me to refresh my memory.
>                                    ***
> Q. What do you allege that Patriot did to violate what is denominated here as the Dodd-Frank Act?
>     A. The same thing. It's in all the documents that were supplied to the SEC, Mr. Fencer.
>                                    ***
> Q. So sitting here today, are you able to tell me anything that Patriot either did do or did not do that was either prohibited by or required by Dodd-Frank?

A. I don't have the documents to make that statement. I don't
have them with me to refresh my memory of what they were.

(Siegal Aff., Ex. D at 194-95, 198-201).

Denied as to the characterization of "incredibly", otherwise admitted.

24. Fustolo also could not recall when he allegedly filed his claims with the IRS and SEC or the
contents of his filings. (Siegal Aff., Ex. D at 191-205).

Admitted.

25.  Fustolo's allegations that Patriot's filing of the involuntary bankruptcy petition was in
retaliation for his whistleblower activities, when examined under oath, Fustolo could not
even recall whether he had advised Patriot of the filing of his whistleblower reporting:

Q. Did you convey your intention to report Patriot to the Internal
Revenue Service orally to anyone at Patriot?
A. I don't recall.
Q. Did you report or inform a representative of Patriot of your intention
to notify the Internal Revenue Service of this alleged tax fraud in
writing?
A. I don't recall.

(Siegal Aff., Ex. D at 204).

Admitted.

26. Fustolo's counsel testified that he did not have copies of the Whistleblower Claims, or any
documents concerning the Whistleblower Claims. (Siegal Aff., Ex. B (Day 2) at 53-55, 57-
58; Ex. E (Day 1) at 44-45, 55, 61-62, 64).

Admitted.

27. Fustolo's counsel could not recall any details or subsidiary facts supporting the allegations of
tax fraud. (Siegal Aff., Ex. B (Day 2) at 13-15, 28-31).

Admitted.

28. Fustolo's counsel further admitted that he did not independently verify any aspect
of the bases for the purported claims; rather, he relied solely on Fustolo because
Fustolo is an "expert in tax, has written nine books on the subject, and has lectured
extensively." (Siegal Aff., Ex. B (Day 2) at 13, 19-23, 32).

Admitted.

6

29. Fustolo's counsel has no information or knowledge about the basis of the alleged Whistleblower Claims. (Siegal Aff., Ex. B (Day 2) at 19-23, 28-32, 55-56, 58; Ex. E (Day 1) at 44-45, 61-64).

Admitted.

30. Fustolo's counsel could not articulate any legal basis for claiming that putting a person into bankruptcy could constitute retaliation under any whistleblower statute. (Siegal Aff., Ex. E (Day 1) at 60).

Admitted.

31. Fustolo's counsel did nothing to confirm that Fustolo had filed the Whistleblower Claims and did not know whether he actually submitted the claims. (Siegal Aff., Ex. B (Day 2) at 43-44).

Admitted.

## STEVEN C. FUSTOLO'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIS OPPOSITION TO THE PATRIOT GROUP, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

32. On May 9, 2014, Debtor filed a "Whistleblower Complaint" with the United States Securities and Exchange Commission. [Affidavit of Steven C. Fustolo "Fustolo Aff.", ¶ 6.

33. The Securities and Exchange Commission acknowledged receipt of the Whistleblower Complaint by letter dated May 22, 2014.

34. On or about July 18, 2014, in response to Informal Document Requests submitted by Jager Smith to Fustolo's bankruptcy counsel, the Debtor delivered to Michael J. Fencer, Esq., then attorney for The Patriot Group, LLC, a copy of the May 22, 2014 letter from the Securities and Exchange Commission together with another 500 pages related to the Whistleblower Complaints.  Fustolo Aff., ¶ 8.

35. On or about May 8, 2014, Fustolo filed a "Whistleblower Complaint" with the Internal Revenue Service. Fustolo Aff., ¶ 5.

36. The Internal Revenue Service acknowledged receipt of the Whistleblower Complaint by letter dated July 21, 2014 and posted July 23, 2014 from the Internal Revenue Service's Whistleblower office located in Ogden, Utah. Fustolo Aff., Exh. D.

37. A copy of the letter from the Internal Revenue Service, together with the envelope in which it was sent, was provided to Michael J. Fencer, Esq., then attorney for

Patriot Group, LLC., as part of a supplemental response to documents on or about March 23, 2015. Fustolo Aff., ¶ 11 & Exh. D.

38. Prior to filing the Whistleblower Complaints in 2014, Fustolo had never previously filed a Whistleblower Complaint. Exh. D to Siegal Aff. at page 198 (Docket #56-4 at page 4 of 6)

<div style="margin-left:40%">

Steven C. Fustolo
By his attorney

 /S/   David M. Nickless
David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, MA  01420
(978) 342-4590
BBO No. 371920
dnickless.nandp@verizon.net

</div>