UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>Steve C. Fustolo<br>    Debtor | Chapter 7<br>No. 13-12692-JNF |
| 50 Thomas Patton Drive, LLC, The Patriot<br>Group, LLC<br>          Plaintiffs<br>v.<br><br>Steven C. Fustolo<br>    Defendant | Adv. Pro.<br>14-1193 |

## <u>AFFIDAVIT OF STEVEN C. FUSTOLO IN SUPPORT OF HIS OBJECTION TO MOTION OF THE PATRIOT GROUP, LLC FOR SUMMARY JUDGMENT</u>

I, Steven C. Fustolo hereby depose and state as follows:

1. I am over age eighteen, I understand the requirements of an oath, and I am competent to testify in this matter. I make this Affidavit based upon my personal knowledge of the facts set forth herein.

2. On January 17, 2014 I executed the Schedules and Statement of Affairs and authorized my bankruptcy attorney to file them with this court.

3. At that time I did not understand that the information I had regarding potential whistleblower claims against Patriot Group constituted a claim that should be included on Schedule B.

4. I later became aware that the whistleblower claims should be listed and included them on the Amended Schedule B filed on August 14, 2014.

5. On or about May 8, 2014, I filed a "Whistleblower Complaint" concerning Patriot Group with the United States Internal Revenue Service ("IRS").

6. On the morning of May 9, 2014, (prior to a continued section 341 meeting), I filed by mail, a "Whistleblower Complaint" concerning Patriot Group with the United States Securities and Exchange Commission ("SEC").

7. Attached as Exhibit A is a true and accurate copy of an informal request for documents submitted to me through my bankruptcy counsel by Jager, Smith, as counsel to the petitioning creditors in June of 2014.

8. On Friday, July 18, 2014 I provided Staples over 3,000 pages of documents in response to the informal request for documents, including approximately 500 pages of documents related to Patriot Group investment advisor filings, Old Hill Partners, tax filings of the JS Howe Family Foundation, and general whistleblower information. Among the submission was the May 22, 2014 letter from the SEC addressed to me confirming my filing of the Whistleblower Complaint with the SEC. Attached hereto at B & C are true and accurate copies of the cover pages for responses 9-12 and the May 22, 2014 letter from the SEC.

9. The full package was simultaneously delivered to Michael J. Fencer, Esq., then attorney for Patriot Group, and shipped to my bankruptcy attorney shortly after the copies were completed.

10. At some point after July 23, 2014 I received a single-page letter from the IRS acknowledging receipt of my Form 211 IRS whistleblower submission.

11. Through counsel on or about March 23, 2015 I produced to Michael J. Fencer, Esq., then attorney for Patriot Group, numerous additional documents, including the July 21 letter from the IRS and the envelope in which it was sent. Attached hereto at Exhibit D are true and accurate copies of the letter dated July 21, 2014 and envelope stamped July 23, 2014.

Signed under the penalties of perjury this _____ day of August 2015.

Steven C. Fustolo

# EXHIBIT A

## Informal Document Requests to Steven C. Fustolo

1. All documents showing the source and amount of any income, royalties, or other compensation paid to the debtor from 2011 to the present, including but not limited to all 1099s and W-2s.

2. All documents relating to the gem transaction.

3. All communications between the debtor and any person relating to the gem transaction.

4. Copies of all bank statements from 2011 to the present for any accounts held by the debtor or by an entity in which the debtor has an interest.

5. All documents relating to National Tax Institute from 2011 to the present.

6. All communication between the debtor and any person relating to National Tax Institute from 2011 to the present.

7. All documents relating to NTI d/b/a Novel Training Ideas from 2011 to the present.

8. All communication between the debtor any person relating to NTI d/b/a Novel Training Ideas from 2011 to the present.

9. All documents relating to any claim the debtor alleges to have against any petitioning creditor.

10. All communications between the debtor and any person relating to any claim the debtor alleges to have against any petitioning creditor.

11. All documents relating to any facts or information referenced in the May 9, 2014 "Whistleblower Notification" letter.

12. All communications between the debtor and any person relating to any facts or information referenced in the May 9, 2014 "Whistleblower Notification" letter.

13. All communications between the debtor and Steven Robinson from 2011 to the present.

14. All documents relating to any patents for which the debtor, any relative of the debtor, or any entity in which the debtor has an interest, received royalties from 2011 to the present.

15. All communications between the debtor and Don Pizzutti from 2011 to the present.

16. All communications between the debtor and Jodi Di Lorenzo from 2011 to the present.

17. Any personal financial statement given by the debtor to any party from 2011 to the present.

18. All documents relating to sale or conveyance of real property located at 115 Salem Street, unit 10.

19. All documents relating to the sale or conveyance of real property located at 115 Salem Street, unit 12.

20. All documents relating to the ownership of real property located at 105 High Street, Stoneham, MA.

# EXHIBIT B

Steven C. Fustolo
Requested Documents for 2004 Examination
Submitted July 18, 2014

## REQUESTED ITEM 9:

All documents relating to any claim the debtor alleges to have against any petitioning creditor.

**RESPONSE:**   The debtor supplied Reimer and Braunstein with various information regarding claims against Patriot Group, John Howe, et al. To the best of the debtor's knowledge and belief, such documents are not in the possession of the debtor.

Documents regarding any claim against 50 Thomas Patton Drive LLC and Clifford Schorer are within Patton Drive's control, and not the debtor's.

**Steven C. Fustolo**
**Requested Documents for 2004 Examination**
**Submitted July 18, 2014**

# REQUESTED ITEM 10:

All communications between the debtor and any person relating to any claim the debtor alleges to have against any petitioning creditor.

**RESPONSE:** The debtor supplied Reimer and Braunstein with various information regarding claims against Patriot Group, John Howe, et al. To the best of the debtor's knowledge and belief, such documents are not in the possession of the debtor.

Documents regarding any claim against 50 Thomas Patton Drive LLC and Clifford Schorer are within Patton Drive's control, and not the debtor's.

**Steven C. Fustolo**
**Requested Documents for 2004 Examination**
**Submitted July 18, 2014**

## REQUESTED ITEM 11:

All documents relating to any facts or information referenced in the May 9, 2014 "Whistleblower Notification" letter.

RESPONSE:  Debtor is supplying various documents and communications that are in his possession.

**Steven C. Fustolo**
**Requested Documents for 2004 Examination**
**Submitted July 18, 2014**

## REQUESTED ITEM 12:

All communications between the debtor and any person relating to any facts or information referenced in the May 9, 2014 "Whistleblower Notification" letter.

**RESPONSE:**      Debtor is supplying various documents and communications that are in his possession.

# EXHIBIT C



**DIVISION OF
ENFORCEMENT**

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

May 22, 2014

Jane Norberg, Deputy Chief
Office of the Whistleblower
Phone: (202) 551-4790
Fax: (703) 813-9322

Dear Mr. Fustolo:

Thank you for the information that you submitted under the SEC's Whistleblower Program. We greatly appreciate your bringing this matter to our attention. The success of the whistleblower program depends on individuals providing the Commission with specific, timely, and credible information.

Members of the staff of the Division of Enforcement may contact you for additional assistance or information. In addition, we encourage you to submit any additional supporting information or materials that you believe will assist us in analyzing and fully understanding this matter.

As a matter of policy, the SEC conducts its investigations on a confidential basis. The purpose of this policy is to protect the integrity of any investigation from premature disclosure and to protect the privacy of persons involved in our investigations. Accordingly, although working with whistleblowers and their counsel is very important to us, there may be very limited information we can share with you regarding what action, if any, we are taking in response to your submission. I hope you understand these limitations. *Please visit our website (http://www.sec.gov/whistleblower) or contact the hotline at 202-551-4790 for instructions to apply for an award.*

The Commission is only authorized to conduct investigations into possible violations of the federal securities laws. You should not expect the Commission to take any actions to the extent your information relates to conduct outside the scope or coverage of the federal securities laws. We may, however, in appropriate circumstances, refer your matter to another regulatory or law enforcement agency.

Thank you again for taking the opportunity to submit your information to us. Efforts by persons such as yourself are critical to the success of this program.

Please do not hesitate to contact the Office of the Whistleblower if you have any questions or concerns.

Best Regards,

Jane Norberg

# EXHIBIT D



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, DC 20224
July 21, 2014

Whistleblower Office

RE: PATRIOT GROUP

STEVEN FUSTOLO
87 TERRACE HALL
BURLINGTON, MA 01803

Contact Address    Internal Revenue Service
1973 N Rulon White Blvd, MS 4110
Ogden, UT 84404

☐ Telephone Number required per F211 instructions.
Please call our office at the number listed above to update our
records.

☐ Need 2848 completed for POA mentioned in
submission

Dear STEVEN FUSTOLO:

We received your Form 211 with the information you furnished and have assigned the above
claim number(s). We will evaluate the information you provided to determine if an investigation is
warranted and an award is appropriate. Please retain this notice for future reference.

It is necessary for you to provide your contact information in the event we need additional
information regarding your claim or to conduct an interview. If you have not provided your contact
information we will evaluate your claim based on the information you submitted only.

If we initiate an investigation as a result of your information, it is important to understand that it
could take several years until final resolution of all tax matters. This is especially true if the
taxpayer exercises all administrative and judicial appeal rights. In addition, before we can pay an
award, we must collect any additional taxes, penalties, or fines, assessed by reason of your
information. Collection action could also take several years.

At the conclusion of our review and/or investigation, we will only be able to tell you whether or not
the information you provided met our criteria for paying an award. Unfortunately, we cannot tell
you specific details about what actions we took, if any, using the information you gave us. Internal
Revenue Code Section 6103 protects the tax information of all taxpayers and prevents us from
making these disclosures.

We will notify you as soon as all actions relating to your claim have been completed. Please note
that we will be sending all correspondence from this office regarding this claim to you at the
address you provided on line 7 of the Form 211. If you move or change the address to which
you want correspondence directed, you must inform this office in writing of the change of
address. Failure to notify this office of a change of address regarding this claim could result in
you not receiving time-sensitive correspondence.

Sincerely,

*Charise Wood*

Charise Wood Manager, ICE Team- Ogden

Letter 1961-1 (SC/CG) (Rev. 10-2003)
Catalog Number 33350F

