UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: STEVEN C. FUSTOLO,<br><br>Debtor.<br><br>50 THOMAS PATTON DRIVE, LLC and<br>THE PATRIOT GROUP, LLC,<br><br>                Plaintiffs<br>v.<br><br>STEVEN C. FUSTOLO,<br><br>                Defendant | Chapter 7<br><br>Case No.: 13-12692-JNF<br><br>AP No.: 14-01193-JNF |

**THE PATRIOT GROUP, LLC'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV AND UNDER
11 U.S.C. § 727(a)(4)(A) AGAINST DEFENDANT/DEBTOR STEVEN C. FUSTOLO**

**INTRODUCTION**

On June 15, 2015, Plaintiff/Creditor The Patriot Group, LLC ("Patriot") filed its motion for summary judgment against Defendant/Debtor Steven C. Fustolo ("Fustolo" or "Debtor") on Count IV of the Complaint and 11 U.S.C. § 727(a)(4)(A) asserting that Fustolo knowingly and fraudulently made a false oath in connection with filing his Chapter 7 bankruptcy (No. 13-12692-JNF) Schedule of Assets and Liabilities. Specifically, in its opening brief, Patriot asserted that "Fustolo's Amended Schedule B, dated August 14, 2014, identified under the penalty of perjury a whistleblower recovery of an 'unknown' value, but the undisputed evidence is that Fustolo's so-called Whistleblower Claims do not exist, were never filed, and were concocted by Fustolo to gain leverage in the bankruptcy proceedings." (Mem. at 1). Patriot's opening brief highlighted that Fustolo had no copies of the Whistleblower Claims he submitted and that Fustolo was unable to provide any specifics concerning those claims when questioned about them. (Mem. at 2, 11-12).

On August 7, 2015, Fustolo filed his opposition to Patriot's summary judgment motion and, in support thereof, submitted two letters he claims to have received from the Securities and Exchange Commission ("SEC") and the Internal Revenue Service ("IRS") in response to filing his alleged Whistleblower Claims.  See Affidavit of Steven C. Fustolo in Support of his Objection to Motion of The Patriot Group, LLC for Summary Judgment ("Fustolo Aff.") at Exs. C & D.[1]

On August 6, 2015, <u>one day before serving his summary judgment opposition</u>, Fustolo produced to Patriot <u>for the first time</u> certain <u>other documents</u> (the "Withheld Materials") that directly bear on his SEC whistleblower claim, namely:  (i) a Priority Mail Express receipt for a package mailed to the SEC on May 9, 2014; and (ii) an affidavit from a Massachusetts State Trooper from the Office of the Attorney General's Computer Crimes Unit  (the "Trooper Affidavit") which states:  "On July 9, 2015, Assistant Attorney General Thomas Ralph, Chief of the Attorney General's Cyber Crime Division, spoke with Regan Willis ("Willis") from the SEC. Willis stated that **<u>in regard to Fustolo's complaints to the SEC:  'On March 11, 2015, the Office of the Whistleblower informed the Whistleblower [Fustolo] that no enforcement action would be brought</u>**.'"  (A copy of the mail receipt is attached as Exhibit A to the Supplemental Affidavit of Jack I. Siegal ("Supp. Siegal Aff.")) (emphasis added).[2]

Incredibly, Fustolo did <u>not</u> submit the Withheld Materials in opposition to Patriot's summary judgment motion.  Rather, Fustolo produced the Withheld Materials to Patriot's counsel as support for a Rule 9011 motion and demanded that Patriot withdraw its summary judgment motion.  Consequently, this is the posture Fustolo has put the Court and Patriot:  As of <u>March 11, 2015</u>, the SEC informed Fustolo that no enforcement action would be brought in response to his

---

[1] Patriot identified these letters to the Court in the first footnote of their opening brief.

[2] Apparently, Fustolo has not produced or potentially withheld relevant documents notwithstanding this Court's prior Orders requiring their production.

whistleblower claim. But, Fustolo did not amend his Schedule B to indicate that he has no SEC whistleblower claim. And Fustolo continues to represent in his summary judgment motion that his SEC whistleblower claim is still viable, stating:

> It is not for this Court in this Adversary Proceeding to determine the value of the **whistleblower claims** that Fustolo actually filed with the Internal Revenue Service **and the Securities and Exchange Commission**. **They** could be worth nothing, or, alternatively, **they** could ultimately comprise, as Patriot has asserted, the most valuable asset that the Trustee ultimately recovers for the benefit of creditors.

(Opp. at 6).

In short, Fustolo perpetuates his falsities to the Court by continuing to represent that he has an SEC whistleblower claim even though he learned in March 2015 that no enforcement action would be taken. (The Trooper Affidavit was filed in support of an application for an arrest warrant in connection with the criminal prosecution against Fustolo by the Attorney General's Office – see Supp. Siegal Aff., Ex. B (press release from Massachusetts Attorney General's Office regarding the arraignment of Fustolo on charges of Criminal Harassment and Intimidation of a Witness)).[3]

***Patriot respectfully requests that Fustolo's conduct be addressed at the hearing scheduled for August 25, 2015 on Patriot's motion for summary judgment, including production of the Withheld Materials, misrepresentations to the Court, and failure to amend his Schedule B filings.***

In view of the Withheld Materials and particularly the Trooper Affidavit, Patriot no longer presses its summary judgment motion against Fustolo with respect to the SEC whistleblower claim.[4] But the Withheld Materials have no impact on Patriot's claim that Fustolo has made a false

---

[3] To the extent Fustolo was notified in writing that the SEC would take no enforcement action against Patriot, that written notification would fall within the ambit of Patriot's discovery requests and should have been produced.

[4] Regardless, even if trial on the SEC whistleblower claim is necessary, Fustolo still has no evidence to substantiate that it was bona fide or had any value. Indeed, Fustolo has already testified that he can recall no details about his claim and has no evidence regarding the value of his claim. See Siegal Aff., Ex. D. If necessary, the evidence at trial, moreover, would demonstrate that Fustolo concocted the whistleblower claims to gain leverage in his disputes with Patriot and as cover for his internet defamation scheme, of which this Court is already aware. Fustolo's evidence of his claims, moreover, is primarily based on his word. Patriot would not oppose the Court requiring Fustolo to appear at the hearing

3

oath in connection with his alleged IRS whistleblower claim.  The remainder of this reply brief is directed to the alleged IRS response letter submitted by Fustolo in opposition to summary judgment.  In short, the IRS letter is inherently incompetent, untrustworthy, not authenticated and inadmissible.  Indeed, the IRS letter does not contain the most basic information – i.e., a claim number – that would be assigned to a claim that was actually filed.  Moreover, sample "response" letters are readily available on the internet.  See Supp. Siegal Aff., Ex. C (sample response letters found on the internet).   Accordingly, Fustolo has failed to provide sufficient evidence to defeat Patriot's summary judgment motion with respect to his alleged IRS whistleblower claim, and summary judgment should enter in Patriot's favor on Count IV.

## ARGUMENT

### I. Fustolo Has Failed to Present Admissible Evidence to Defeat Summary Judgment

#### A. The IRS Letter Is Not Competent Evidence and Constitutes Hearsay

In opposing a motion for summary judgment, "[t]here is no trialworthy issue unless there is enough **competent evidence** to enable a finding favorable to the nonmoving party.  Moreover, [e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."  Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (internal citations omitted) (emphasis added) (affirming grant of summary judgment).  "Faced with a properly documented summary judgment motion, the nonmovant can thwart the motion only by showing through materials of **evidentiary quality** that a genuine dispute exists about some material fact.  This evidence must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial."  Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 8 (1st Cir. 2004) (internal citations omitted) (emphasis added)

---

of this Motion.

(affirming grant of summary judgment). "Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting enough **competent evidence** to enable a finding favorable to the nonmoving party." Mayale-Eke v. Bank of Am. Inv. Servs., Inc., No. CA 10-29 S, 2013 WL 6710778, at *7 (D.R.I. Dec. 18, 2013) (internal citations omitted) (emphasis added).

In addition, letters lacking indicia of trustworthiness are not admissible as business records (Rule 803(6)), public records (Rule 803(8)), or under the residual hearsay exception (Rule 807). See Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."); Davila v. Corporacion De Puerto Rico Para La Difusion Publica, 498 F.3d 9, 17 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment."). Trustworthiness is measured by "'whether the statement was under oath' and 'an ad hoc assessment of reliability based upon the totality of the surrounding circumstances including an assessment of credibility of the out of court declarant, considered in light of the class-type exceptions to the hearsay rule supposed to demonstrate such characteristics.'" Matewski v. Orkin Exterminating Co., No. CIV. 02-233-P-C, 2003 WL 21516577, at *7 (D. Me. July 1, 2003) (citing 30B Michael H. Graham, Federal Practice & Procedure § 7095 at 732–33, 737 (interim ed. 2000)). "Essentially, the district court must determine whether the totality of the circumstances surrounding the statement establish its reliability sufficiently enough to justify foregoing the rigors of in-court testimony (e.g., live testimony under oath, cross-examination) that ordinarily guarantee trustworthiness." United States v. Trenkler, 61 F.3d 45, 58 (1st Cir. 1995) (district court abused discretion in admitting evidence lacking guarantees of trustworthiness).

Here, the IRS letter proffered by Fustolo does not constitute competent evidence and is inadmissible hearsay. As a threshold matter, the version of the IRS letter Fustolo submitted with his

5

summary judgment opposition differs from the letter he produced in discovery.  For example, the letter attached to his summary judgment affidavit bears no bates-stamp whereas the letter produced in discovery is bates-stamped DEFENDANT006991-006992.  <u>Compare</u> Fustolo Aff., Ex. D <u>with</u> Supp. Siegal Aff., Ex. D (document produced by Fustolo purporting to be from the IRS Whistleblower Office).

Significantly, the IRS letter contains no reference to a "claim number" that would be assigned to a claim actually filed with the IRS.  According to the IRS manual that provides for procedures and guidance for all IRS personnel to follow when dealing with whistleblowers' claims for award: "Once a determination is made to build the claim as a new claim the Whistleblower Office will input the claim information onto the database and notify the whistleblower and/or representative of the receipt of the information **and claim number** . . . ."  Supp. Siegal Aff., Ex. E (IRM 25.2.2, *Information and Whistleblower Awards, Whistleblower Awards* at § 25.2.2.4 (Initial Form 211 Processing)).

There is **no claim number** appearing anywhere on the IRS letter.  Anticipating that Fustolo may argue that he redacted the claim number from the IRS letter, this makes no sense.  Of course, Fustolo should have provided the Court with the claim number to lend legitimacy to his assertion that he actually made a whistleblower claim.  At a minimum, the letter should show that a claim number was <u>assigned</u> – even if the actual number was redacted.[5]

The inherent incompetency and untrustworthiness of the IRS letter submitted by Fustolo is further demonstrated by the availability of such form "response" letters on the internet by simply running a Google search.  Supp. Siegal Aff., Ex. C.  Even the sample response letters available on the internet, however, contain more indicia of reliability than the letter submitted by Fustolo.  Supp.

---

[5] Redactions are inappropriate here in any event because Fustolo affirmatively put the alleged whistleblower claims at issue in this case by listing them as an asset, thereby waiving any argument that he is entitled to confidentiality typically afforded a whistleblower complainant.

6

Siegal Aff., Ex. D.  For example, the IRS letters found on the internet identify claim numbers – consistent with the IRS publication quoted above.  Supp. Siegal Aff., Ex. C.  Simply put, the letter easily could have been fabricated from form letters available on the internet, lacks the requisite trustworthiness, and is inadmissible.

### B. The IRS Letter Is Not Authenticated

"Documents supporting or opposing summary judgment must be properly authenticated." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (where party submitted unsworn and uncertified copies of purported investigation file, court need not give any credence to such documents in assessing summary judgment motion).  Failure to authenticate a document precludes its consideration on summary judgment.  Id.; Minh Tu v. Mut. Life Ins. Co. of New York, 136 F.3d 77, 80 (1st Cir. 1998) (affirming grant of summary judgment where nonmoving party, as the party bearing the burden of proof, failed to submit admissible evidence because the documents proffered were not authenticated by independent evidence); see also Fed. R. Evid. 901 & 902.

Here, in addition to being incompetent and untrustworthy, the IRS letter is not authenticated, which precludes its consideration by the Court on summary judgment.  The decision in S.E.C. v. Locke Capital Mgmt., Inc., 794 F. Supp. 2d 355, 365 (D.R.I. 2011), is instructive.  In response to the SEC's motion for summary judgment alleging that the defendant violated federal securities laws by committing fraud, making false statements and falsifying records, the defendant submitted "reams of memoranda containing bald assertions and loosely-woven tales."  Id. at 364.  In reviewing this evidence, the court concluded that the defendant submitted (1) bald assertions unsupported by competent or admissible evidence, (2) "facts" supported only by the defendant's own declarations, that were so "incredible that no reasonable jury could believe their veracity," and (3) immaterial factual disputes.  Id.  To support some of her claims, the defendant submitted purported correspondence.  The court concluded that these documents were not admissible pursuant

7

to Federal Rule of Evidence 901 because authentication was a condition precedent to admissibility. Given the "volume of evidence evincing [the defendant's] untruthfulness," the court found that these documents were not admissible "without corroboration of their authenticity by a source other than" the defendant. Id. at 365. In short, a "non-moving party may not defeat summary judgment by simply alleging the impossible in a self-serving declaration or affidavit." Id.

As in the Locke Capital Mgmt. case, summary judgment should enter in Patriot's favor because the IRS letter is not authenticated and thus inadmissible. Certainly, it is not sufficient for Fustolo to authenticate the IRS letter in view of the findings of this Court related to Fustolo's false cyber campaign against Patriot. See The Patriot Group, LLC v. Steven Fustolo, Case No. 15-01015-JNF (D. Mass.), ECF 32. Specifically, the Court found, among other things, that Patriot had ". . . demonstrated that the egregious public statements [including that Patriot was under investigation by the SEC and IRS] made by the Defendant in the website and blogs are **false** . . . ," and noted that the timing of Fustolo's actions ". . . appear to be coordinated with crucial dates arising in the Debtor's bankruptcy case, namely the deadline to file complaints seeking denial of or exceptions to the Debtor's discharge." Id., ECF 31 at 9 (emphasis added). Indeed, Fustolo's cyber harassment campaign is the basis of the Attorney General's criminal prosecution against Fustolo. See Supp. Siegal Aff., Ex. B. In short, Fustolo has no admissible evidence to deflect Patriot's summary judgment motion as to Count IV with respect to his alleged IRS whistleblower claim.[6]

---

[6] Finally, Fustolo argues that even if he made these false oaths, they were not "material" to the bankruptcy and therefore should not bar discharge. According to Fustolo's Opposition, "a false oath is material, and thus sufficient to bar discharge, if it 'bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property.'" Opp. at 6. There can be no question that Fustolo's false assertion of Whistleblower Claims bears a relationship to the Debtor's estate and the existence or disposition of property of the estate. As set forth in the Memorandum in support of the Motion, the threshold for "materiality" is "fairly low." In re Sullivan, 455 B.R. 829, 830 (B.A.P. 1st Cir. 2011). By listing the purported Whistleblower Claim in his Schedules, Fustolo misleadingly represented that he had an asset that he does not have. This false impression is sufficient to deny discharge. See In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998). Moreover, although Fustolo now claims in his opposition that the purported claim could be "worth nothing" (Opp. at 6), he previously represented to the Court that he stood to recover at least 15-25% of any amounts of unpaid taxes identified by the IRS in excess of $2 million. See In re Fustolo, Case No. 13-12592-JNF, ECF 200 at ¶ 11. Therefore, the potential value of this claim, if

## CONCLUSION

WHEREFORE, for the foregoing reasons, Patriot's Motion for Partial Summary Judgment on Count IV and under Section 727(a)(4)(A) should be granted and the Debtor's discharge denied.

>
> Respectfully submitted,
>
> ATTORNEYS FOR THE PATRIOT GROUP, LLC,
>
> By: /s/ Jack I. Siegal
> Michael Paris (BBO#556791)
> mparis@nbparis.com
> Joel G. Beckman (BBO#553086)
> jbeckman@nbparis.com
> Jack I. Siegal (BBO#669173)
> jsiegal@nbparis.com
> **NYSTROM BECKMAN & PARIS LLP**
> One Marina Park Drive, 15th Floor
> Boston, MA  02210
> T: (617) 778-9100
> F: (617) 778-9110

DATED:  August 14, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 14th day of August, 2015.

> /s/ Jack I. Siegal

---

true, would certainly bear a relationship to the Debtor's estate or the discovery of assets as well as the existence of property of the estate.