Part 25. Special Topics

Chapter 2. Information and Whistleblower Awards

Section 2. Whistleblower Awards

### 25.2.2 Whistleblower Awards

- 25.2.2.1 Overview: Authority and Policy
- 25.2.2.2 Filing a Claim for an Award under Sections 7623(a) or (b)
- 25.2.2.3 Eligibility for an Award under IRC Section 7623
- 25.2.2.4 Initial Form 211 Processing
- 25.2.2.5 Examining a Whistleblower Claim
- 25.2.2.6 Form 11369
- 25.2.2.7 Award Computation
- 25.2.2.8 Whistleblower Award Determination Administrative Proceeding - 7623(a) Claims
- 25.2.2.9 Whistleblower Award Determination Administrative Proceeding - 7623(b) Claims
- 25.2.2.10 Whistleblower Withholding Program
- 25.2.2.11 Appeal Rights under IRC 7623(b)
- 25.2.2.12 Confidentiality of the Whistleblower
- 25.2.2.13 Award Payment Procedures
- 25.2.2.14 Annual Report to Congress
- Exhibit 25.2.2-1 Debriefing Checksheet
- Exhibit 25.2.2-2 Award Calculation Computation Guidelines
- Exhibit 25.2.2-3 Whistleblower Withholding Program Frequently Asked Questions

**Manual Transmittal**

August 07, 2015

**Purpose**

(1) This transmits revised IRM 25.2.2, *Information and Whistleblower Awards, Whistleblower Awards*

**Background**

This chapter provides procedures and guidance for all Service personnel to follow when dealing with whistleblowers' claims for award.

**Material Changes**

(1) The IRM was revised to reflect the Regulations finalized August 12, 2014

(2) 25.2.2.1 Added additional overview of IRC 7623(a) and 7623(b)

(3) 25.2.2.5 Added guidance for examining a whistleblower claim

(4) 25.2.2.6 Added clarification of Form 11369 Requirements

(5) 25.2.2.10 Added guidance on the Whistleblower Withholding Program

**Effect on Other Documents**

IRM 25.2.2, dated June 18, 2010 is superseded.

**Audience**

All Divisions and Functions

**Effective Date**

(08-07-2015)

Stephen A. Whitlock
Director, Whistleblower Office

### 25.2.2.1 (08-07-2015)
### Overview: Authority and Policy

1. This section outlines the cross-functional procedures for working case files with a Form 211, *Application for Award for Original Information*.

2. On December 20, 2006, the Tax Relief and Health Care Act of 2006 was enacted. Section 406 of the Act amends IRC 7623 concerning the payment of awards to whistleblowers. The amendment made significant changes to the IRS award program and also required the establishment of a Whistleblower Office within the Internal Revenue Service that has responsibility for the administration of the award program. The 2006 amendments re-designated the prior IRC 7623 as IRC 7623(a), added new provisions as IRC 7623(b), and included program administration requirements that were not incorporated into the Internal Revenue Code.

3. Prior to the 2006 amendments, the IRS referred to persons who submit information under IRC 7623 as "informants" and referred to the program as the "Informant Claims Program." The IRS has also referred to such persons as "claimants" in published guidance. The law now refers to the "Whistleblower Office" and "whistleblower program." Accordingly, the terms "claimant" and "whistleblower" will be used in this IRM except where the term "informant" appears in a published document. However, no legal significance should be inferred based solely on the use of these terms in this IRM. Effective January 1, 2012, the Informant Claims Examination (ICE) Unit has been reassigned to the Whistleblower Office and will be referred to as the Initial Claim Evaluation (ICE) Team.

1. Any individual, other than an individual described in paragraph (2) or (8) of this section, is eligible to file a claim for award and to receive an award under IRC 7623.
2. The Whistleblower Office will reject any claim for award filed by an ineligible whistleblower and will provide written notice of the rejection to the whistleblower. The following individuals are not eligible to file a claim for award or receive an award:

    A. An individual who is an employee of the Department of Treasury or was an employee of the Department of Treasury when the individual obtained the information on which the claim is based.

    B. An individual who obtained the information through the individual's official duties as an employee of the Federal Government, or who is acting within the scope of those official duties as an employee of the Federal Government.

    C. An individual who is or was required by Federal law or regulation to disclose the information or who is or was precluded by Federal law or regulation from disclosing the information.

    D. An individual who obtained or had access to the information based on a contract with the Federal Government.

3. If the Whistleblower Office determines that an individual has made a claim for award based on information obtained from an ineligible person, the Whistleblower Office may treat the claim as if it had been made by the ineligible person and may reject the claim.

## 25.2.2.4  (08-07-2015)
### Initial Form 211 Processing

1. Upon receipt of the Form 211, the Whistleblower Office will conduct the following review:

    A. Is the new Form 211 related to a previously filed Form 211? If not the Whistleblower Office will continue to process the claim. If the new Form 211 is related to a previously submitted Form 211 the Whistleblower Office will review the claims and determine if the new Form 211 should be processed as a new claim or associated with the prior claim.

    B. Does the Form 211 contain all the required information? If not, the Whistleblower Office may reject the claim or the Whistleblower Office may correspond with the whistleblower for the missing information. If the Whistleblower Office rejects a claim, then the Whistleblower Office will provide notice of the rejection to the whistleblower stating the basis for the rejection. If the Whistleblower Office rejects a claim for the reasons described in this paragraph, then the whistleblower may perfect and resubmit the claim.



2. Once a determination is made to build the claim as a new claim the Whistleblower Office will input the claim information onto the database and notify the whistleblower and/or representative of the receipt of the information and claim number. The whistleblower will be notified that if an investigation is initiated, it could take several years until final resolution of all tax matters and a decision is made concerning the payment of an award.

    **Note:**

    In claims where a whistleblower submits more than one unique Form 211, each Form 211 will receive a claim number. The whistleblower will be notified of the claim number associated with each form. If multiple taxpayers are listed on a single Form 211, each taxpayer may receive a claim number. The whistleblower will be notified of the claim number associated with each of the listed taxpayers.

3. The claim file will be forwarded to the appropriate Operating Division for classification. When claims are submitted on multiple taxpayers (whether on one Form 211 or multiple forms), all claims will be forwarded to classification at the same time. The Operating Division classifier and/or subject matter expert (SME) will review the information to determine the following:

    A. Will the information provided materially contribute to identification, development or resolution of taxpayer liability or collection?

    B. Is the taxpayer currently under audit?

    C. Does the whistleblower offer information that may be relevant to exam issues (past, current or prospective)?

    D. Does the whistleblower offer information that may be relevant to collection issues (past, current or prospective)?

    E. Do the issues alleged by the whistleblower require referral to another group for classification?

    F. Should the claim be referred to Case Development and Oversight?

4. Classification will make a recommendation for the Whistleblower Office to: reject, deny, select the claim for examination, refer to another group for consideration, or refer the claim(s) to Case Development and Oversight.

5. If the Form 211 claim lists multiple taxpayers with one or more of the taxpayers being under the jurisdiction of a different operating division than the other taxpayers:

    A. The Whistleblower Office will clearly identify in the file the applicable operating division for each taxpayer.

    B. If the claim is selected for examination and forwarded to the appropriate operating division, the Whistleblower Office will contact the other operating division to determine if any such operating division wishes to participate in a debriefing and taint review interview with the whistleblower. The Whistleblower Office will provide to the operating division to which the Form 211 claim was forwarded for examination a) the name of the employee contacted in each operating division, b) the name of the employee responding, and c) the response provided.

## 25.2.2.4.1  (08-07-2015)
### Rejecting or Denying a Claim for an Award under IRC 7623

1. Whistleblowers whose claims are deemed ineligible for an award are sent a letter advising them of the outcome. The type of letter will depend on the outcome (rejected or denied) and whether the claim is considered an IRC 7623(a) or IRC 7623(b) claim for purposes of the rejection or the denial.

    **Note:**

    When determining whether the claim is considered an IRC 7623(a) or 7623(b) claim for purposes of rejections and denials, the Internal Revenue Service may rely on the whistleblower's description of the amount owed by the taxpayer(s). The IRS may, however, rely on other information as necessary (for example, when the alleged amount in dispute is below the $2 million threshold of IRC 7623(b)(5)(B), but the actual amount in dispute is above the threshold; or when the alleged amount in dispute is over $2 million, but the claim did not allege a tax issue or specific and credible information to support the allegation).

2. Claims will be considered 7623(a) claims for purposes of rejection or denial if the alleged amount in dispute is under $2 million or the claim does not identify a specific/credible tax issue or is purely speculative in nature.

    - Claims rejected as an IRC 7623(a) claim will receive a final rejection letter stating the basis of the rejection
    - Claims denied as an IRC 7623(a) claim will receive a final denial letter that does not state the basis for the denial. The regulations do not allow the Whistleblower Office to provide basis statements for 7623(a) claim denials.

3. Claims considered IRC 7623(b) claims for the purpose of the rejection or the denial.