UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~

In re
**STEVEN C. FUSTOLO,**                                     Chapter 7
    Debtor                                         Case No. 13-12692-JNF

~~~~~~~~~~~~~~~~~~~~~~

**50 PATTON DRIVE, LLC,** and
**THE PATRIOT GROUP, LLC,**
    Plaintiff
v.                                                        Adv. P. No. 14-1193
**STEVEN C. FUSTOLO,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~


MEMORANDUM


I.    **INTRODUCTION**

The matter before the Court is the "Motion for Partial Summary Judgment on Count IV and Under 11 U.S.C. § 727(a)(4)(A) against Defendant/Debtor Steven C. Fustolo" filed by the Plaintiff, the Patriot Group , LLC ("Patriot" or the "Plaintiff").[1]  Pursuant to its

---

[1] Patriot, together with 50 Thomas Patton Drive, LLC, filed a 64-page Complaint containing eight counts as follows: Count I - Objection to Discharge - 11 U.S.C. § 727(a)(2)(A); Count II - Objection to Discharge - 11 U.S.C. § 727(a)(2)(B); Count III - Objection to Discharge - 11 U.S.C. § 727(a)(3); Count IV - Objection to Discharge - 11 U.S.C. § 727(a)(4); Count V - Objection to Discharge - 11 U.S.C. § 727(a)(5); Count VI -

1

Motion, the Plaintiff seeks entry of an order denying the Debtor a discharge for knowingly and fraudulently making a false oath in connection with filing his Chapter 7 Schedule of Assets. Specifically, the Plaintiff asserts that the Debtor made a false oath on an Amended Schedule B, dated August 14, 2014, when, under penalty of perjury, he listed a "possible whistleblower recovery" with an "[u]nknown" value.

The Debtor filed an Opposition to the Motion for Partial Summary Judgment to which Patriot filed a Reply Brief. The Court heard the Motion for Partial Summary Judgment on August 25, 2015 and took the matter under advisement. The issue presented is whether Patriot sustained its burden of proof such that there are no material facts in dispute and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Civ. P. 7056. For the reasons set forth below, the Court concludes that Patriot failed to sustain its burden.

**II. FACTS**

    A. Patriot's Undisputed Facts

On May 6, 2013, Patriot, together with 50 Thomas Patton Drive, LLC and Richard Mayer filed an involuntary petition for relief against Fustolo under Chapter 7 of the Bankruptcy Code. The Court entered an order for relief on December 16, 2013. *See* In re Fustolo, 503 B.R. 206 (Bankr. D. Mass. 2013), *aff'd,* Fustolo v. 50 Patton Drive, LLC., No. 14-10248-RWZ, 2015 WL 4876075 (D. Mass. Feb. 17, 2015). Patriot is an unsecured creditor of

---

Non-Dischargeability of Patton Drive Claim - 11 U.S.C. § 523(a)(4);   Count VII - Non-Dischargeability of Patton Drive Claim - 11 U.S.C. § 523(a)(6);   Count VIII - Non-Dischargeability of Patton Drive Claim - 11 U.S.C. § 523(a)(2)

Fustolo, holding a claim in the approximate amount of $25,756,305.33.

Fustolo is a certified public accountant and has substantial expertise in the area of tax reporting. He is a frequent lecturer and writes about various tax and accounting issues.

On January 17, 2014, Fustolo filed Schedules A, B, C, E, G, H, I, J, Summary of Schedules, Statement of Financial Affairs, and Amended Schedules D & F. He did not list a claim for "possible whistleblower recovery" on his original Schedule B.

The Chapter 7 Trustee conducted a § 341 meeting of creditors on January 21, 2014 and continued it several times, including to May 9, 2014. On May 7, 2014, Fustolo sent an email to his counsel, Bruce W. Edmands, Esq. ("Attorney Edmands"),[2] stating that "today or tomorrow" he would be "filing with the IRS and will be filing with the SEC's office of the whistleblower under Dodd-Frank." In other words, as of May 7, 2014, Fustolo intended to file whistleblower complaints on May 7, 2014 or May 8, 2014 alleging that Patriot had committed tax fraud. On May 7, 2014, Fustolo also forwarded a draft of a letter he authored for Attorney Edmand's review and signature addressed to Patriot's counsel in which he alleged that Patriot was abusing the bankruptcy process in his case as a means to retaliate against him for reporting Patriot's alleged tax fraud. Attorney Edmands agreed to assist Fustolo in finishing the letter. According to Attorney Edmands, Fustolo wanted to send the letter prior to the § 341 examination to put parties on notice that he believed he

---

[2] In an affidavit filed in conjunction with Fustolo's opposition to the entry of an order for relief, Attorney Edmands indicated that he served as trial counsel representing Fustolo in state court litigation commenced by 50 Thomas Patton Drive, LLC against Fustolo prepetition.

3

was entitled to redress under anti-retaliatory provisions of whistleblower statutes. Fustolo was afraid that he was going to be "bullied" at the § 341 hearing, and he wanted to throw Patriot's attorney "off his game."

On May 9, 2014, Attorney Edmands sent the letter which was drafted by Fustolo to Patriot's counsel, Michael J. Fencer, Esq. ("Attorney Fencer"), entitled "Whistleblower Notification." In the letter, Attorney Edmands stated that Fustolo had filed a claim against Patriot with the Internal Revenue Service ("IRS") and "had filed a notice with the Security and Exchange Commission. The letter provided in pertinent part the following:

> The purpose of this letter is to inform you and your clients, The Patriot Group LLC, Old Hill Partners Inc. (as successor to Patriot Group) (hereinafter "Patriot") that Steven Fustolo has filed a claim against Patriot in accordance with the Internal Revenue Service Whistleblower statute, Section 7623 of the Internal Revenue Code. Mr. Fustolo's IRS filing may also affect Patriot's members, investors, and affiliated off-shore entities and funds.
>
> Additionally, Mr. Fustolo has filed a notice with Security [sic] and Exchange Commission's Office of the Whistleblower, identifying himself as a whistleblower in respect to Patriot pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank). Moreover, Mr. Fustolo anticipates the possibility of filing additional claims regarding Patriot under other federal and state whistleblower statutes.
>
> Having previously informed a Patriot representative of his intention to notify the Internal Revenue Service of Patriot's alleged tax fraud, Mr. Fustolo has come to believe and now alleges that Patriot and its principal, John Howe, abused and will continue to abuse the bankruptcy proceedings as a means to retaliate against him for reporting Patriot's tax violations.
>
> More particularly, Mr. Fustolo alleges that with advance knowledge of Mr. Fustolo's pending IRS filings, Patriot and John Howe, personally, embarked on a campaign to harass and intimidate him and destroy his reputation by filing a petition for involuntary bankruptcy under Section 303(b) of the Bankruptcy Code. In doing so, Patriot also conspired with two other

4

creditors whom you represent, 50 Thomas Patton Drive, LLC and Richard Mayer, who joined Patriot in filing the involuntary bankruptcy petition which is currently pending against Mr. Fustolo in the United States Bankruptcy Court in Massachusetts.

Mr. Fustolo believes that the petitioners filed bankruptcy petition [sic] and prosecuted their claims in bad faith in violation of anti-retaliatory provisions of the whistleblower protections referenced above.

On August 14, 2014, after the conclusion of the § 341 meeting of creditors, Fustolo filed an Amended Schedule B in which he listed among his assets "claims" involving "possible whistleblower recovery" to which he ascribed an "[u]nknown value." Fustolo thereafter filed documents with this Court specifically stating that he had filed whistleblower claims with the IRS and the SEC (the "Whistleblower Claims").

On August 27, 2014, during his Rule 2004 Examination, Fustolo was questioned about the Whistleblower Claims that were the subject of the May 9, 2014 letter, which was sent to Patriot's counsel. During the examination, Fustolo testified that he did not have a copy of anything he sent to the IRS or SEC and had no notes or documents to substantiate that he actually filed Whistleblower Claims, stating "I have kept no notes and no documents that would refresh my memory on this." Fustolo admitted that he did not retain a copy of what was sent to the IRS and the SEC, although he averred that in July of 2014 he supplied Patriot's counsel with 500 pages of papers he had obtained concerning whistleblower statutes, Patriot and JH Howe Family Foundation, among others, as well as a copy of the acknowledgment of the SEC that it had received the Whistleblower Claim.

According to Patriot, Fustolo, a highly experienced CPA, could not recall any facts

or basic details supporting the allegations of tax fraud that supposedly formed the basis of the Whistleblower Claims.[3] Fustolo also could not recall when he allegedly filed his claims with the IRS and SEC or the contents of his filings. Fustolo also could not recall whether he had advised Patriot of his allegations that its filing of the involuntary bankruptcy petition was in retaliation for his whistleblower activities. When questioned by Patriot's counsel, Attorney Fencer, he testified as follows:

> Q. Did you convey your intention to report Patriot to the Internal Revenue Service orally to anyone at Patriot?

---

[3] Indeed, when directly asked about his claims, Fustolo testified:

> Q. What is the complaint or the claim, I'm sorry, that you filed against Patriot with the Internal Revenue Service?
> A. Mr. Fencer, I supplied all documents in connection with my whistleblower filing to the Internal Revenue Service and the SEC, retained none of the filings, did not retain a copy, and embedded in all those filings was all the information in connection with this claim.
> Q. But I'm not asking you for the documents here today or what they said. I'm asking you what claim you filed against Patriot with the Internal Revenue Service.
> A. All the information on that claim is in there. I'd have to have that information in front of me to refresh my memory.
> ***
> Q. What do you allege that Patriot did to violate what is denominated here as the Dodd-Frank Act?
> A. The same thing. It's in all the documents that were supplied to the SEC, Mr. Fencer.
> ***
> Q. So sitting here today, are you able to tell me anything that Patriot either did do or did not do that was either prohibited by or required by Dodd-Frank?
> A. I don't have the documents to make that statement. I don't have them with me to refresh my memory of what they were.

Case 14-01193 Doc 77 Filed 09/11/15 Entered 09/11/15 15:49:29 Desc Main
Document Page 7 of 16

> A. I don't recall.
> Q. Did you report or inform a representative of Patriot of your intention to notify the Internal Revenue Service of this alleged tax fraud in writing?
> A. I don't recall.

Attorney Edmands, Fusotlo's counsel, testified at his deposition that he did not have copies of the Whistleblower Claims, or any documents concerning the Whistleblower Claims. In addition, Fustolo's counsel could not recall any details or subsidiary facts supporting the allegations of tax fraud. Fustolo's counsel further admitted that he did not independently verify the bases for the purported claims; rather, he relied solely on Fustolo because Fustolo is an "expert in tax, has written nine books on the subject, and has lectured extensively." In short, Attorney Edmands had no information or knowledge about the basis of the alleged Whistleblower Claims and could not articulate any legal basis for claiming that putting a person into bankruptcy could constitute retaliation under any whistleblower statute. Fustolo's counsel did nothing to confirm that Fustolo had filed the Whistleblower Claims and did not know whether he actually submitted the claims.

A review of the transcript of the deposition of Attorney Edmands, however, reveals that Attorney Edmands was in receipt of an email from Fustolo in which Fustolo stated: "today [May 7, 2014] I filed the IRS WB application." In addition, as noted above, Attorney Edmands edited and sent a letter, dated May 9, 2014, addressed to Attorney Fencer, informing him that Fustolo had filed a Whistleblower claim with the IRS.

B. <u>Fustolo's Additional Facts</u>

Fustolo contended that on May 9, 2014, he filed a "Whistleblower Complaint" with

7

the SEC. Patriot disputed this allegation because Fustolo testified that he could not recall the details of his "claim," including when he filed the purported claim with the SEC.

Fustolo stated that the SEC acknowledged receipt of the Whistleblower Complaint by letter dated May 22, 2014, which he attached to his affidavit filed in opposition to the Motion for Summary Judgment. The letter was signed by Jane Norberg, Deputy Chief, Office of the Whistleblower and begins: "Thank you for the information that you submitted . . . ."[4] Patriot disputed this allegation, maintaining that it lacks foundation. In its reply brief, however, Patriot recognized that Fustolo had contacted the SEC. It stated:

> On August 6, 2015, one day before serving his summary judgment opposition, Fustolo produced to Patriot for the first time certain other documents (the "Withheld Materials") that directly bear on his SEC whistleblower claim, namely: (i) a Priority Mail Express receipt for a package mailed to the SEC on May 9, 2014; and (ii) an affidavit from a Massachusetts State Trooper from the Office of the Attorney General's Computer Crimes Unit (the "Trooper Affidavit") which states: "On July 9, 2015, Assistant Attorney General Thomas Ralph, Chief of the Attorney General's Cyber Crime Division, spoke with Regan Willis ("Willis") from the SEC. Willis stated that in regard to Fustolo's complaints to the SEC: 'On March 11, 2015, the Office of the Whistleblower informed the Whistleblower [Fustolo] that no enforcement action would be brought.'"

---

[4] Patriot, in response to Fustolo's Response to its Rule 56.1 Statement, stated the following:

> On or about July 18, 2014, in response to Informal Document Requests submitted by Jager Smith to Fustolo's bankruptcy counsel, the Debtor delivered to Michael J. Fencer, Esq., then Patriot's attorney, a copy of the May 22, 2014 letter from the SEC together with another 500 pages related to the Whistleblower Complaints. Patriot admitted that Fustolo produced to Jager Smith a document purporting to be from the Securities and Exchange Commission, adding that "none of the other documents Fustolo produced substantiate the existence of a whistleblower claim."

8

Fustolo also indicated that on or about May 8, 2014 he filed a "Whistleblower Complaint" with the IRS. He attached to his affidavit a copy of a letter, dated July 21, 2014, on Department of the Treasury, Internal Revenue Service letterhead, from Charise Wood, Manager of a so-called "ICE Team," located in Ogden, Utah, as well as an envelope postmarked July 23, 2014 from the Ogden, Utah IRS Submission Processing Center. The letter began: "We received your Form 211 with the information you furnished and *have assigned the above claim number(s)*." (emphasis supplied). Patriot disputed Fustolo's assertion because Fustolo testified that he could not recall when he filed the purported claim with the IRS and indicated that he had no information or documents to support his claim other than the copy of the letter and envelope. It also asserted that the IRS letter is illegible and lacked basic information, including a claim reference number. In addition, Patriot attached to the affidavit of its counsel, Jack .I Siegal, Esq., a sample response letter from the IRS relating to the filing of whistleblower claims. One of the sample letters is identical in content to the letter attached to Fustolo's affidavit, except that it is addressed to a different individual and contains a claim number and a contact representative's telephone number. In Patriot's view, the letter Fustolo attached to his affidavit appears to be a forgery.

**III. POSITIONS OF THE PARTIES**

    A. Patriot

Patriot argues that Fustolo knowingly and fraudulently made a false oath in connection with filing his Chapter 7 case and is, therefore, not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A). It asserts that Fustolo's Amended Schedule B, filed on August 14,

9

2014, identified, under the penalty of perjury, as a whistleblower recovery of an 'unknown' value, even though, in its view, the undisputed evidence establishes that Fustolo's so-called Whistleblower Claims do not exist, were never filed, and were concocted by Fustolo to gain leverage in the bankruptcy case. Patriot contends that neither Fustolo nor his attorney had copies of the Whistleblower Claims submitted to the IRS and SEC and that they were unable to provide any specifics concerning those claims when questioned about them. Nevertheless, Patriot recognizes that on March 11, 2015, the SEC through its Office of theWhistleblower, informed Fustolo that no enforcement action would be brought. Accordingly, Patriot states that it is no longer pressing its summary judgment motion against Fustolo with respect to the SEC whistleblower claim.

Patriot, citing, *inter alia,* Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990), asserts that the IRS letter is not competent evidence and constitutes hearsay, adding that the letter lacks indicia of trustworthiness for admissibility as a business record or public record. It also observes that the version of the IRS letter Fustolo submitted with his affidavit in support of his summary judgment opposition differs from the letter he produced in discovery, as the latter has a Bates stamp number on it. Patriot emphasizes that there is no claim number on the IRS letter.

B. Fustolo

Fustolo argues that "Patriot's Motion for Summary Judgment "rises, and ultimately falls, on its unsupported allegation that, despite his statement in the Amended Schedules and Statement of Affairs filed on August 14, 2014 the Debtor did not have any possible

whistleblower claim." Fustolo further contends that Patriot failed to meet its burden of proof that the Whistleblower Claims do not exist, adding that the uncontroverted evidence indicates that he "both had a possible claim and that he had filed claims with the Internal Revenue Service and the Securities and Exchange Commission under the whistleblower statutes earlier in 2014."

In addition, Fustolo argues:

> . . . Patriot's argument that the Debtor falsely listed an asset turns the obligations of the Debtor on its head. Patriot would have every right to point out that the Debtor failed to list possible whistleblower claims that existed prior to the date the Involuntary Petition was filed if the Debtor subsequently filed notices with the Internal Revenue Service and the Securities and Exchange Commission and personally sought a recovery. Its argument here is that the Debtor actually listed an asset that it asserts does not exist. If so, the Trustee can abandon the "asset" to the Debtor as of no value. There is nothing "material" about listing an asset that one or more creditors assert does not exist.

**IV. DISCUSSION**

A <u>Summary Judgment Standard</u>

The United States Court of Appeals for the First Circuit has articulated the well-established standard for summary judgment in <u>Desmond v. Varrasso (In re Varrasso)</u>, 37 F.3d 760, 763 (1st Cir.1994). It stated:

> It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c). As to issues on which the movant, at trial, would be obliged to carry the burden of proof, he initially must proffer materials of evidentiary or quasi—evidentiary quality-say, affidavits or depositions—that support his position. When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the

Case 14-01193 Doc 77 Filed 09/11/15 Entered 09/11/15 15:49:29 Desc Main
Document Page 12 of 16

nonmovant. This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record....

Id. at 763 (1st Cir.1994) (citations omitted, footnote omitted).[5]

   B. Analysis

Section 727(a)(4)(A) provides in pertinent part the following:

(a) The court shall grant the debtor a discharge, unless– . . .

>   (4) the debtor knowingly and fraudulently, in or in connection with the case--

>>   (A) made a false oath or account . . . .

11 U.S.C. § 727(a)(4)(A). In Boroff v. Tully (In re Tully), 818 F.2d 106 (1st Cir. 1987), the United States Court of Appeals for the First Circuit elucidated the requirements pertinent to the denial of a debtor's discharge under § 727(a)(4)(A), in the context of the debtor's failure to list significant assets in his schedules of assets. It stated:

> Under § 727(a)(4)(A), the debtor can be refused his discharge only if he (i) knowingly and fraudulently made a false oath, (ii) relating to a material fact. The burden of proof rests with the trustee, In re Shebel, 54 B.R. 199, 202 (Bankr. D. Vt. 1985), but "once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he has not committed the offense charged." Matter of Mascolo, 505 F.2d 274, 276 (1st Cir.1974).

> The statute, by its very nature, invokes competing considerations. On the one

---

[5] Fed. R. Civ. P. 56 was amended effective December 1, 2010. The summary judgment standard now appears in subsection (a) of Rule 56, rather than at subsection (c). The amended rule, however, does not change the standard for summary judgment. See Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 n.4 (1st Cir. 2011).

>   hand, bankruptcy is an essentially equitable remedy. As the Court has said, it is an "overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." Bank of Marin v. England, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). In that vein, the statutory right to a discharge should ordinarily be construed liberally in favor of the debtor. Matter of Vickers, 577 F.2d 683, 687 (10th Cir. 1978); In re Leichter, 197 F.2d 955, 959 (3d Cir. 1952), *cert. denied*, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953); Roberts v. W.P. Ford & Son, Inc., 169 F.2d 151, 152 (4th Cir. 1948). "The reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural." Dilworth v. Boothe, 69 F.2d 621, 624 (5th Cir. 1934).
>
>   On the other hand, the very purpose of certain sections of the law, like 11 U.S.C. § 727(a)(4)(A), is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs. The statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." Mascolo, 505 F.2d at 278. Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight. *See* In re Tabibian, 289 F.2d 793, 797 (2d Cir. 1961); In re Shebel, 54 B.R. at 202. The bankruptcy judge must be deft and evenhanded in calibrating these scales. And, we are fully satisfied that such a balance was struck in the case at bar.

In re Tully, 818 F.2d at 110.

Unlike the situation in Tully where the debtor failed to disclose significant assets, Patriot complains that Fustolo improperly listed a "possible whistleblower recovery" with an unknown value on an Amended Schedule B, an asset it maintains does not exist. The only issue presented is whether Fustolo, through his opposition to summary judgment, demonstrated a genuine issue of material fact with respect to the filing of a Whistleblower

13

claim with the IRS.[6]

---

[6] The Internal Revenue Manual provides in pertinent part the following with respect to whistleblower awards:

Filing a Claim for an Award under Sections 7623(a) or (b)

1. To claim an award under IRC 7623, a whistleblower must timely file a formal claim for an award by completing and sending Form 211, Application for Award for Original Information, (available on www.irs.gov/compliance/index.html) . . .

2. Information submitted under IRC 7623 must be accompanied by an original signed declaration under penalty of perjury . . .
The required penalty of perjury statement must be provided before an action is taken. . . .

\*\*\*

7. The Form 211 must be completed in its entirety and should include the following information:

A. The date of the claim;
B. The whistleblower's name;
C. The whistleblower's contact information, including address with zip code and telephone number;
D. The whistleblower's date of birth;
E. The whistleblower's Taxpayer Identification Number (e.g., Social Security Number or Individual Taxpayer Identification Number), if known;
F. Explanation of how the information that forms the basis of the claim came to the attention and into the possession of the whistleblower, including the date(s) on which this information was acquired, and a complete description of the whistleblower's present or former relationship (if any) to the person that is the subject of the claim (e.g., family member, acquaintance, client, employee, accountant, lawyer, bookkeeper, customer). If the claimant identifies multiple persons as the subjects of a claim, should also describe his or her relationship to each person and the facts as it applies to each person [sic]

\*\*\*

10. The Form 211 and any attachments must include specific and credible

14

Based upon the existing record, the Court concludes Patriot did not sustain its burden of demonstrating the absence of a genuine issue of material fact. The record contains sufficient evidence for this Court to conclude that Fustolo filed Whistleblower Claims with the IRS and SEC. The SEC informed Fustolo that it did not intend to bring an enforcement action. If, as it has been established, Fustolo filed a claim with the SEC, it is likely that he also filed a whistleblower claim with the IRS, particularly where he stated his intent to do so in his email to Attorney Edmands. The references in the transcript of Attorney Edmand's deposition, as well as the envelope accompanying the IRS's May 22, 2014 letter, which bears a July 23, 2014 date, support that conclusion and create a genuine issue of material fact.

Fustolo did not value his Whistleblower Claims and Patriot eventually may establish that the claims were fabricated. Nevertheless, by listing the Whistleblower Claims as "possible" and ascribing no value to them, creditors were not deceived into believing that Fustolo was listing a valuable asset. Indeed, by characterizing the claims as "possible," he was intimating that they may be tenuous and have no value. Under those circumstances, the materiality of the alleged false oath weighs against granting Patriot's Motion for Summary Judgment. As noted by the United States Court of Appeals for the First Circuit in <u>Daniels v. Agin</u>, 736 F.3d 70 (1st Cir. 2013), "[i]nformation omitted from a bankruptcy

---

information concerning the person(s) that the whistleblower believes will lead to the collection of unpaid taxes. . . .

Internal Revenue Manual, Part 25, Ch. 2, § 25.2.2.2 (08-07-2015).

petition or schedule is material if it is 'pertinent to the discovery of assets, including the history of a bankrupt's financial transactions.'" Id. at 82 (citing In re Mascolo, 505 F.2d 274, 277 (1st Cir.1974) (affirming a revocation of discharge where the debtor failed to disclose closed accounts)).

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order denying Patriot's Motion for Partial Summary Judgment.

By the Court,

*[signature]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 11, 2015