UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: STEVEN C. FUSTOLO,<br><br>Debtor.<br><br>THE PATRIOT GROUP, LLC,<br><br>                 Plaintiffs,<br>v.<br><br>STEVEN C. FUSTOLO,<br><br>                 Defendant. | Chapter 7<br><br>Case No.: 13-12692-JNF<br><br>AP No.: 14-01193-JNF |

**PLAINTIFF THE PATRIOT GROUP LLC'S MOTION FOR
A DETERMINATION OF ATTORNEY'S FEES RELATING
TO DEFENDANT'S DISCOVERY VIOLATIONS**

Plaintiff, The Patriot Group, LLC ("Patriot"), moves this Court for a determination of the

amount of attorney's fees Steven C. Fustolo's ("Fustolo") must pay Plaintiff as a result of his

discovery violations and failure to comply with this Court's prior Orders. This Court previously

ruled that attorney's fees shall be awarded to Patriot after the conclusion of the trial of this

adversary proceeding. [DE 172 & 180]. As explained below, Patriot seeks $41,604 in fees and

costs relating to its efforts to compel Fustolo's discovery compliance and related to his violations

of this Court's Orders.

In further support of its Motion, Patriot states:

**The Court Has Determined That Patriot Should Receive its Attorney's Fees**

1. On March 17, 2016, at the hearing on Patriot's Motion for Sanctions or Costs [DE

145 & 146], the Court determined that Patriot should be reimbursed its attorney's fees because of

Fustolo's discovery misconduct and willful violation of the Court's Orders:

> The Court observes that the sanctions requested by Patriot are more than reasonable and, indeed, are far less drastic than sanctions that may well be warranted under the circumstances of this case. Patriot does not seek a default judgment. It simply seeks a speedy trial date and an order prohibiting the debtor from presenting any emails that he did not produce at the trial and those remedies are certainly within the scope of Rule 37 and the Court's discretion.
>
> It also seeks attorney's fees; however, not now, at a later date. And given the delays that have occurred in this case **the Court finds that attorney' fees are warranted, given the time that Patriot's attorneys have spent in obtaining compliance with the discovery rules and compliance with court orders and given the time that the Court has spent on these disputes**. The Court will order that the defendant pay the attorney's fees incurred to compel compliance with his discovery obligations, the Rules of Civil Procedure and the Court's orders. **Those fees will be determined at a later date after the matter is tried**.

 [DE 180 (Transcript of March 17, 2016 hearing), at p. 44] (emphasis added).

2.      This case was tried in May and June 2016.  On August 26, 2016, post-trial submissions were filed.  [DE 306 & 307].   Patriot now seeks a specific award of attorney's fees per the Court's prior Order.  [DE 172 & 180].

**Patriot's Efforts to Obtain Fustolo's Discovery Compliance**

3.      As detailed in the accompanying affidavit of counsel, Patriot seeks attorney's fees for its discovery efforts beginning in November 2015, when Patriot first sought to obtain discovery from Fustolo.

4.      On October 20, 2015, Patriot served its Second Set of Document Requests on Fustolo ("Second Set").  Aff. ¶ 3.  Fustolo's failures to produce documents, including emails and business records, or to otherwise adequately respond to the Second Set resulted in Patriot's Motion to Compel.  Patriot filed its Motion to Compel on November 16, 2015, and the Court heard the matter on December 2, 2015.  Id.

2

5.      At the hearing, Fustolo told the Court that his emails were <u>automatically deleted</u> by AOL pursuant to their email retention policy.  Patriot however, presented evidence from AOL that their policy was not to delete emails - - only the accountholder (here, Fustolo) could do that. [DE 123].  As a result, the Court Ordered both parties to submit supplemental briefing on AOL deletion policy issues.  [DE 120].

6.      After repeatedly affirming his erroneous statements about his emails, Fustolo later conceded that he actually had emails which he previously represented were deleted, although Fustolo never undertook efforts to obtain his emails from AOL.  [DE 172 & 180].

7.      On December 31, 2015, the Court issued its Memorandum and Order granting Patriot's Motion to Compel (the "December 31 Order") and ordering Fustolo to produce (1) all emails responsive to Patriot's request which were not privileged from disclosure by virtue of the Fifth Amendment or the attorney-client privilege, (2) a log of all emails withheld by Fustolo on the basis of the attorney-client privilege, and (3) non-privileged financial account statements for the period September 2014 through the date of the Order.  [DE 130 & 131].

8.      Fustolo sought from the Court <u>two</u> extensions of time to comply with the December 31 Order, to which Patriot filed objections.  [DE 135 & 138].  In his extension requests, Fustolo represented that he would comply with the Order, including producing documents to Patriot and following the Court's Fifth Amendment protocol (to protect his rights). Aff. ¶¶ 3-4.  The Court granted each request.  [DE 137 & 140].

9.      In late January 2016, Fustolo dumped thousands of pages of irrelevant documents that Patriot was forced to review.  Patriot's review confirmed that Fustolo had failed to comply

with the December 31 Order to produce relevant documents.  Aff. ¶¶ 3-4. [1]

10.     On February 16, 2016, Patriot filed its Motion for Sanctions and Costs as a result of Fustolo's failures to comply with the December 31 Order.  [DE 145].

11.     On March 4 and 7, 2016, Fustolo filed motions to postpone his deposition until completion of his criminal proceedings based primarily on Fifth Amendment grounds.  [DE 152 & 154].  Patriot filed oppositions to both motions. [DE 155].

12.     On March 17, 2016, the Court heard argument on Patriot's Sanctions Motion.  At the hearing, the Court determined that Fustolo willfully and intentionally refused to obey, and thus violated, the December 31 Order and, as described above, awarded Patriot its attorney's fees as one of the sanctions.  [DE 172 & 180].

13.     In short, between November 2015 and the end of March 2016, Patriot exerted significant effort to obtain Fustolo's compliance with the discovery rules.  It served requests, filed multiple pleadings (motions, oppositions, and supplemental pleadings), spent countless hours reviewing a data dump of useless materials that Fustolo produced, prepared for and attended two hearings (December 2, 2015 and March 17, 2016) and performed other activities to "obtain[] compliance with the discovery rules and compliance with court orders," all of which resulted in significant attorney's fees for Patriot.  Aff. ¶¶ 3-4.

**Patriot's Attorney's Fees Request Is Reasonable Under the Circumstances**

14.     When entitlement to attorneys' fees is determined, the amount of the attorney's fees actually awarded must be "reasonable" under the circumstances.  In re Henry A. Sarafin

---

[1] In January 2016, Fustolo dumped approximately 20,000 pages of redundant and irrelevant emails and other documents.  Patriot had to spend significant time reviewing the documents to determine whether Fustolo had complied with the Court's December 31 Order.

4

Testamentary Trust, No. 12-30221-HJB, 2015 WL 5738234, at *4 (Bankr. D. Mass. Sept. 30, 2015) (determining that attorneys' fees request was reasonable).

15.     "Reasonableness" is based upon, among other things, "the time and labor involved, whether there were any novel or difficult questions involved, the amount of skill necessary to perform the services, the amount customarily charged in the community, whether the rate was a flat fee or based on expected hourly work, whether extraordinary results were obtained, whether the relationship between the attorney and the client is ongoing or limited, whether the case is undesirable, and the amount awarded in similar cases in the division."   Id. (citing In re Smith, 230 B.R. 437, 439 (Bankr. N.D.Fla.1999)).

16.     Nystrom Beckman & Paris LLP ("NBP") is a boutique law firm that specializes in handling complex litigation matters and providing "big firm" quality work, but at a lower cost. Patriot pays NBP on an hourly basis.  The NBP billing attorneys on the matter charged Patriot fees at rates ranging between $485 and $295 per hour in this matter depending upon the experience level of the attorney involved during the November 2015 to March 2016 time period. NBP billed Patriot $41,614 for attorney time (114.4 hours) related to addressing Fustolo's discovery violations through March 17, 2016, the date the Court awarded Patriot its fees.  Aff. ¶ 4 (breaking down the fees by attorney, hours, billing rate and activities).

17.     Specifically, three NBP attorneys worked on matters relating to Fustolo's discovery violations:  Michael Paris, Joel G. Beckman, and Jack I. Siegal.  Mr. Paris, NBP's managing partner, has over twenty-five years' experience representing individuals and businesses in complex litigation across the country.  Mr. Paris's hourly rate on this matter was $485.  Mr. Beckman is a founding member of NBP who also has over twenty-five years' experience representing business clients in complex commercial matters.  Mr. Beckman's hourly

rate on this matter was $485 per hour.  Mr. Siegal is senior counsel to NBP and has over fifteen years' experience representing clients in a wide range of litigation matters.  Mr. Siegal's hourly rate on this matter was $295.  Aff. ¶ 4.

18.    Patriot's  attorney's fee petition is reasonable based upon the volume of: (a) motion practice (two sanctions motions with affidavits, oppositions to Fustolo's requests for extensions, oppositions to multiple motions for reconsideration, and oppositions to requests to postpone Fustolo's deposition)[2] and research related to the same; (b) attorney time to review voluminous (though ultimately irrelevant) materials provided by Fustolo; (c) supplemental briefings requested by the Court as a result of Fustolo's demonstrated false statements to the Court; (d) appearances at hearings; and (e) other activities Patriot had to perform because of Fustolo's non-compliance with the discovery rules and the Court's Orders.  Aff. ¶ 4.  Further, Fustolo's obfuscations, failure to cooperate in discovery and repeated misrepresentations to the Court were particularly egregious (and expensive) to expose.

19.    The award is also justified by the complexity of the issues involved, including addressing Fustolo's invocation of his Fifth Amendment right (and whether and to what extent it applies to the production of written materials), the retention of electronic evidence and spoliation of records.  Patriot, moreover, prevailed on its motions and was successful after months of assiduous effort.[3]  $41,614 is therefore a reasonable award.

---

[2] The December 31 Order required Fustolo to appear for his deposition in January 2016.  Instead, he refused to appear and filed motions to postpone his deposition, which the Court denied.

[3] Other factors in support of the award include that NBP's fees are fair and reasonable in light of what other firms charge for similar services, and that the bulk of the work was performed at billing rate under $300 per hour.  Aff. ¶ 4.  In short, virtually every factor articulated by Courts in determining the reasonability of attorney's fees is applicable to Patriot's request.

6

**Conclusion**

WHEREFORE, for the foregoing reasons, Patriot requests that the Court grant its Motion

and award it $41,614 in attorney's fees and costs to be paid to Patriot by Fustolo within a

reasonable period of time.

Respectfully submitted,

ATTORNEYS FOR THE PATRIOT GROUP, LLC,

By:  /s/ Jack I. Siegal
Michael Paris (BBO#556791)
mparis@nbparis.com
Joel G. Beckman (BBO#553086)
jbeckman@nbparis.com
Jack I. Siegal (BBO#669173)
jsiegal@nbparis.com
**NYSTROM BECKMAN & PARIS LLP**
One Marina Park Drive, 15th Floor
Boston, MA  02210
T: (617) 778-9100
F: (617) 778-9110

DATED:  November 1, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
on this 1st day of November, 2016.

/s/ Jack I. Siegal