# EXHIBIT A

EDMANDS & WILLIAMS LLP
ATTORNEYS & COUNSELLORS AT LAW

BRUCE W. EDMANDS
BWEDMANDS@EDMANDS-WILLIAMS.COM

GELINE W. WILLIAMS
GELINE.WILLIAMS@EDMANDS-WILLIAMS.COM

May 9, 2014

**VIA HAND DELIVERY AND ELECTRONIC MAIL** (mfencer@jagersmith.com)
Mr. Michael J. Fencer
Jager Smith, P.C.
One Financial Center, Fourth Floor
Boston, MA

**Re: Steven Fustolo, Whistleblower Notification**

Dear Mr. Fencer:

I represent Steven C. Fustolo regarding the following:

The purpose of this letter is to inform you and your clients, The Patriot Group LLC, Old Hill Partners Inc. (as successor to Patriot Group), (hereinafter "Patriot") that Steven Fustolo has filed a claim against Patriot in accordance with the Internal Revenue Service Whistleblower statute, Section 7623 of the Internal Revenue Code. Mr. Fustolo's IRS filing may also affect Patriot's members, investors, and affiliated off-shore entities and funds.

Additionally, Mr. Fustolo has filed a notice with the Security and Exchange Commission's Office of the Whistleblower, identifying himself as a whistleblower in respect to Patriot pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank). Moreover, Mr. Fustolo anticipates the possibility of filing additional claims regarding Patriot under other federal and state whistleblower statutes.

Having previously informed a Patriot representative of his intention to notify the Internal Revenue Service of Patriot's alleged tax fraud, Mr. Fustolo has come to believe and now alleges that Patriot and its principal, John Howe, abused and will continue to abuse the bankruptcy proceedings as a means to retaliate against him for reporting Patriot's tax violations.

More particularly, Mr. Fustolo alleges that with advance knowledge of Mr. Fustolo's pending IRS filings, Patriot and John Howe, personally, embarked on a campaign to harass and intimidate him and destroy his reputation by filing a petition for involuntary bankruptcy under Section 303(b) of the Bankruptcy Code. In doing so, Patriot also conspired with two other creditors whom you represent, 50 Thomas Patton Drive, LLC and Richard Mayer, who joined Patriot in filing the involuntary bankruptcy petition which is currently pending against Mr. Fustolo in the United States Bankruptcy Court in Massachusetts.

Mr. Fustolo believes that the petitioners filed bankruptcy petition and prosecuted their claims in bad faith in violation of anti-retaliatory provisions of the whistleblower protections referenced above. A brief summary of the evidence supporting that conclusion follows.

Prior to filing the bankruptcy petition, Patriot engaged in significant and exhaustive discovery of Mr. Fustolo's assets in connection with the judgment it obtained in the Massachusetts Superior Court. In the course of that discovery, Patriot confirmed that Mr. Fustolo possessed no assets with which to satisfy Patriot's judgment.

For its part, 50 Thomas Patton Drive LLC ("Patton Drive") and its principal, Clifford Schorer, obtained a judgment personally against Mr. Fustolo in the Massachusetts Superior Court and have predicated Patton's Drive's petition in the bankruptcy case on that judgment. That judgment is significantly flawed. As you well know, Patton Drive's judgment includes an amount of approximately four million dollars which is based upon the false proposition that Mr. Fustolo personally guaranteed the two Revere Beach Loans. In this bankruptcy action, you, as Patton Drive's attorney, acknowledged, on the record, that no personal guarantee ever existed to support the four million dollars included in the Superior Court judgment entered against Mr.Fustolo personally. As a result, the judgment, which Patton Drive obtained against Mr. Fustolo personally, over state's his correct liability by more than four million dollars plus the imputed interest on that amount.

If the inflated judgment imputed to Mr. Fustolo were not enough, your client, presumably with your assistance, just recently filed a proof of claim in the bankruptcy matter in the amount of approximately $14,000,000. The amount which Patton Drive claims includes the four million dollars based on the Revere Beach Holdings notes for which you have confirmed that there is no guarantee. As Patton Drive, Mr. Schorer and you have actual knowledge that, to the extent the proof of claim rests on a fictitious personal guarantee in connection with the Revere Beach Holding notes, the proof of claim further exacerbates the bad faith with which Patton Drive is prosecuting the involuntary bankruptcy petition.

Moreover, despite Patton Drive's acknowledgement that the amount of the judgment it obtained in the Superior Court litigation includes the four million dollars for which there is no guarantee to support it, its former law firm continues to advertise that 50 Thomas Patton Drive recovered a judgment personally against Mr. Fustolo in respect of those loans. That such publication has continued can be for no purpose other than to harass and intimidate Mr. Fustolo and further undermine his reputation.

Finally, there is long standing evidence of Clifford Schorer's personal animus towards Mr. Fustolo. In the 50 Thomas Patton Drive Massachusetts Superior Court action the evidence included a statement made by Mr. Schorer that he intended to "destroy" Mr. Fustolo and his family.

EDMANDS WILLIAMS LLP



As all three petitioners in the involuntary bankruptcy are represented by the same law firm, the knowledge and actions of each are chargeable to the others. The facts in this case clearly support an inference that all three petitioners entered into a conspiracy for the principal purpose of subjecting Mr. Fustolo to the embarrassment, inconvenience, emotional stress, and harassment of bankruptcy proceedings. As jointly represented, all the participants have acted with actual or constructive knowledge that (1) Patton Drive's monetary claim is vastly inflated, (2) Mr. Schorer harbors a strong personal animosity against Mr. Fustolo, (3) Patriot conducted exhaustive post-judgment discovery efforts that failed to identify any assets with which Mr. Fustolo could satisfy a judgment and that it is unlikely that the bankruptcy trustee will be able to benefit creditors, and (4) Mr. Fustolo had previously disclosed to Patriot his intention to report Patriot's tax fraud to the Internal Revenue Service.

These facts demonstrate that Patriot, in collusion with the other petitioners, their principals and their agents, has been and continues to be in violation of several federal and state anti-retaliation provisions of whistleblower statutes for which Mr. Fustolo may be entitled to damages and other forms of redress from all the petitioners, their principals and agents.

Patriot's fraudulent tax filings also constitute violations of cognizable SEC filing requirements. As a result of his IRS and SEC filings, Mr. Fustolo is entitled to protection against further retaliation by Patriot and its co-conspirators. You and your clients are, therefore, on notice that Mr. Fustolo will pursue all available remedies in response to any continuing or further acts of retaliation or harassment.

Thank you for your attention to this matter.

Very truly yours,

Bruce W. Edmands

BWE:
cc Joseph Loposi
Harold Murphy
David Nickless