# EXHIBIT B

GORDON&REES
SCULLY MANSUKHANI

ATTORNEYS AT LAW
21 CUSTOM HOUSE 5TH FLOOR
BOSTON, MA 02110
WWW.GRSM.COM

August 9, 2018

**Via First Class and Electronic Mail**
Harold B. Murphy, Esq.
Michael K. O'Neil, Esq.
Murphy & King
Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts 02108

**Re:** ***The Patriot Group, LLC v. Steven C. Fustolo,***
**13-12692-JNF (Bank. D. Mass.)**

Dear Counsel:

I write to Mr. Murphy as Trustee of the Chapter 7 bankruptcy estate of Steven C. Fustolo ("Fustolo") in the above-referenced action on behalf of my client, The Patriot Group, LLC ("Patriot").

On January 9, 2017, in a related adversary proceeding (Ch-jnf 14-01193), Judge Feeney denied Fustolo his discharge based upon his implied consent to trial on an unpled 11 U.S.C. Section 727(a)(6) claim. Patriot's complaint also contained numerous other claims which Judge Feeney deemed moot in light of her ruling.

Mr. Fustolo thereafter appealed the decision to the District Court (affirmed) and United States Circuit Court of Appeals for the First Circuit, which reversed and remanded the case to Judge Feeney for rulings on the other complaint counts which are no longer moot. Patriot recently filed a motion asking Judge Feeney to rule again.

During the over one-year period while the case was on appeal, Patriot initiated litigation against Jeffrey Zeizel, an individual whom Patriot alleges aided and abetted Fustolo's massive defamation campaign against Patriot and its principal, John Howe. Of course, the defamation occurred post-petition and Patriot has asserted claims and is seeking recovery from Zeizel. However, Zeizel has impleaded Fustolo who is now a third-party defendant in the case. Patriot does not believe that the Zeizel action implicates the automatic stay or in any way relates to estate assets.

Additionally, Patriot instituted a contempt proceeding under Mass. R. Civ. P. 65.3 against Fustolo for violating a state court permanent injunction arising from his obligations not to dissipate assets and to make financial reports to Patriot. Patriot alleges, among other things, that

Fustolo was in violation of the state court injunction during the post-petition period after January 9, 2017 when his discharge was denied. In short, it is Patriot's position that Fustolo's post-petition violation of the state court injunction does not implicate the stay.

Further, the parties have completed three days of trial in the contempt proceeding, but the First Circuit reversal required that the action be halted so that Patriot could consult Judge Feeney out of prudence and respect for the automatic stay.

You may also recall that Mr. Murphy and Fustolo entered into a settlement agreement which, on the estate's behalf, granted Fustolo, his wife, father and a business partner a general release of all claims. Further, Mr. Murphy released the remaining assets of the estate with the possible exception of some "stones" and cash proceeds which Patriot is not seeking to recover in its civil actions. Further, the settlement's "claw back" provision has expired. As such, the civil actions described above do not implicate property of the estate and the claims being advanced by Patriot in the two state court civil actions will not compete for assets with the estate.

Out of an abundance of caution, however, Patriot will file a motion next week asking for Judge Feeney's permission to prosecute the above-mentioned civil actions. I wanted to inform you in advance and ask Mr. Murphy to not oppose the motion. Time is of the essence in the contempt proceeding particularly and, therefore, I plan to file the motion by next Wednesday, August 15, 2018. I will assume Mr. Murphy does not oppose the relief that Patriot seeks if I have not heard back.

Thank you for your consideration of this matter. Please contact me at 857-504-2033 if you have any questions.

Very truly yours,

Jack I. Siegal

cc: John Howe