# EXHIBIT F

## Michael Burke

**From:** Jack Siegal
**Sent:** Tuesday, August 14, 2018 3:51 PM
**To:** 'Moorman Jr., William R.'
**Cc:** Michael Burke
**Subject:** Bankruptcy Local Rule 9013-1: Motion Practice

Bill:

Per Local Rule 9013-1, I am writing to confer regarding a motion Patriot will file in the Fustolo bankruptcy matter to obtain a ruling that neither the Superior Court Action concerning Jeffrey Zeiziel nor completion of the civil contempt trial involving Mr. Fustolo is covered by the automatic stay set forth in 11 U.S.C. Section 362(a) or, alternatively, seek stay relief.

As you may recall, (a) the May 9, 2014 letter from Bruce Edmands to Michael Fencer and (b) your client's amendment to his bankruptcy Schedule B to list a possible whistleblower recovery of unknown value is based upon the premise that, at some point *before* the bankruptcy petition was filed, Mr. Fustolo approached a "Patriot representative" to describe some tax and securities related violations which allegedly caused Patriot to initiate the Chapter 7 involuntary petition in May 2013. These acts (which include your client's allegations of "pre-petition" whistleblowing) also form the basis of your client's defamation campaign - - the crux of which is that Patriot retaliated against a whistleblower - - which began in August 2014. Patriot alleges that Mr. Zeizel aided and abetted your client's defamation by paying Dylan Potter, the internet specialist your client used to post defamatory content (the metadata of which identifies the author as "Steven Fustolo.") Because of the nexus between Fustolo's pre-petition allegations (i.e., when the whistleblowing supposedly occurred), his schedule B amendment to add a purported whistleblower "asset" and the bankruptcy proceeding, Patriot is concerned that, given the First Circuit decision, the automatic stay could be construed to apply to the Zeizel Action.

Your colleague, Attorney Fray-Witzer has served a motion in the Zeizel Action claiming that the defamation issue is solely post-petition activity - - that is not true, as explained above. Rather than potentially violate the automatic stay by filing motions in the state court, Patriot would rather confirm with the bankruptcy court (out of an abundance of caution) that the automatic stay does not apply to the case. There are multiple reasons supporting Patriot's belief, including the procedural posture of the case, Fustolo's settlement with the Trustee and other facts.

Also, Patriot will ask the bankruptcy court to allow the contempt trial to conclude and Judge Billings to rule. His ruling would not impact Estate property and Fustolo's contempt encompasses the period when he was not protected by any automatic stay. Any fines, penalties, fees or other sanctions would implicate Fustolo's "personal services" business which he claims are outside the scope of the Estate, and which assets the Estate has abandoned in its settlement with your client.

Alternatively, we will suggest that good cause warrants stay relief for both the Zeizel Action and the completion of the contempt trial - - namely that the bankruptcy estate is wrapped up and the only issue left is whether or not the Court should deny your client's discharge based on Patriot's pleaded counts.

If we do not hear from you by Wednesday (August 15, 2018) by 5 p.m. that you agree to any of the relief Patriot seeks, Patriot will assume Fustolo opposes the Motion.

--Jack

**JACK I. SIEGAL** | Partner

GORDON & REES
SCULLY MANSUKHANI

21 Custom House Street, 5th Floor
Boston, MA 02110
D: 857-504-2033
**jsiegal@grsm.com**

vCard

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida | Georgia
Illinois | Kentucky | Louisiana | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com